LUCY ET AL. V. PRICE ET AL.

1. **Contract:** GARNISHMENT. A contract by the creditor to indemnify a garnishee in case he pays an obligation of doubtful validity against him, is sustained by a sufficient consideration.

2. ———: ———: ESTOPPEL. If the creditor is concluded by a judgment rendered in an action against the garnishee, in which the garnishment proceedings were pleaded as a defense, he is estopped to claim that the garnishee is liable under such garnishment judgment.

*Appeal from Clinton Circuit Court.*

MONDAY, JUNE 15.

ACTION AT LAW. The petition shows that plaintiffs were garnished in an action wherein defendants in this suit were plaintiffs, and John and Catharine Murphy were defendants; that having appeared and answered, admitting separate indebtedness, judgments were rendered against them severally, and that afterward defendants undertook and agreed, in consideration of the payment by plaintiffs of the garnishment judgments, to hold plaintiffs " harmless and without damage or detriment " on account of their discharge of the said judgments. Subsequently to this agreement, Bridget Murphy brought a suit against plaintiffs upon the same cause of action on account of which the judgments in the garnishment proceedings had been rendered. Defense to this action for the plaintiffs herein was made by the defendants, and the judgments in the garnishment proceedings were pleaded as a bar to recovery. Judgment was rendered against plaintiffs, upon which execution was issued and collected. The petition alleges that the judgments in the garnishment proceedings are void, and assigns the grounds upon which this allegation is based. A demurrer to the petition was overruled, and, defendants electing to stand upon their demurrer, judgment was rendered for plaintiffs. Defendants appeal.

*Merrell & Howat,* for appellants.

*K. W. Wheeler* and *Hart & Leffingwell,* for appellees.

BECK, J. I. It cannot be doubted that a contract of indemnity of the character of the one declared on, if based 1. CONTRACT: upon a sufficient consideration, will support an garnishment. action. Neither can it be denied that the payment of the judgments, the validity of which were in doubt, constituted a sufficient consideration for the contract of indemnity declared upon. Contracts of this kind are often entered into between parties when the liability of one is a matter of question, and the other is desirous of availing himself of the advantage of the discharge of such liability by the party supposed to be bound. The disadvantage to the first and benefit to the second by the performance of the doubtful obligation, are sufficient to constitute a consideration. Certainly if the party receiving the benefit of the discharge of the supposed obligation be held to admit that it is not in law binding upon the other, he cannot insist that his contract for indemnity is without consideration. This is the precise case made by the petition. The defendants, as the petition charges, made defense for the plaintiffs in the action wherein recovery was had upon the claim setting up the prior judgments upon the garnishment process. They are concluded by the judgment rendered in that case, and are estopped to deny the liability of plaintiffs in that action. It has been held that, in such a case, notice of the pendency of the action will conclude the party bound by the contract of indemnity. *Littleton v. Richardson*, 34 N. H., 179; *Boston v. Worthington*, 10 Gray, 496; *Chamberlain v. Preble*, 11 Allen, 370. And it has been held that in an action upon a covenant to indemnify against claims and suits, the indemnitor, without notice, *prima facie*, is made liable by judgment against the principal. *Bridgeport Ins. Co. v. Wilson*, 34 N. Y., 275; *Rapelye v. Prince*, 4 Hill, 119; *Lee v. Clark*, 1 Hill, 53.

II. If the defendants are concluded by the judgment against plaintiffs in the action to which the judgments in the 2. ——; ——: proceedings by garnishment were pleaded as a estoppel. defense, they are estopped now to claim that the garnishment was valid, and that plaintiffs were bound thereby. This position cannot be questioned. It follows then that

defendants cannot in this action set up want of consideration to support the contract of indemnity.

These views relieve us of the task of discussing the validity of the garnishment proceeding, and of inquiring into the jurisdiction of the court in that case, which constitute the principal subject considered in the arguments before us.

We conclude that the demurrer was correctly overruled. The judgment of the Circuit Court is

AFFIRMED.