## Alanson H. Barden and another v. Joseph A. Briscoe and others.

*Statute of frauds: Promise to pay debt of another.* In an action to recover the price of board and supplies furnished to laborers and employes of a sub-contractor of the defendants, a verdict for defendants, with special findings that such sub-contractor was never agent of defendants, that the agreements were made with him personally, and not as agent, and

that the debts sued for were incurred and the articles furnished solely on his credit and engagement, and not on account of defendants, shows that even if defendants had promised to pay the accounts, their promise was within the statute of frauds, as a promise to pay the debt of another.

*Money had and received: Indebtedness to third person: Evidence.* In order to make defendants liable for money had and received to the use of creditors of their sub-contractor, on the ground of their mere failure to pay to their sub-contractor, or on his account, a sum claimed to be his due, there must be a showing at least that there had been a settlement with him under which the sum so claimed had been allowed as so much money, and that defendants had agreed to pay it as their own obligation accordingly.

*Evidence: Relevancy: Plaintiff's own theory: Rulings that do not prejudice.* On the theory of the plaintiffs' right to recover as money had and received to their use a sum they claimed defendants owed their own sub-contractor, who was plaintiffs' debtor, evidence that defendants had in fact overpaid such sub-contractor would be relevant; and plaintiffs cannot complain on the ground of irrelevancy of the admission of evidence which is relevant upon the only issue under which it would have been possible for them to recover upon their own view of the case.

*Arguments to the jury: Opening argument: Reply: Discretion.* There is no absolute right on the part of counsel for defendants to cut off further argument to the ury by plaintiffs' counsel by declining to reply to the opening argument on plaintiffs' behalf, at least where other counsel for plaintiffs desire to be heard; but this matter comes within those discretionary rules, which must, unless in extreme cases, leave the trial judge to determine the course of the procedure. It is the duty of the judge, however, to so regulate this matter as to give a fair opportunity for counsel to thoroughly present the whole case to the jury.

*Submitted on briefs April 5. Decided April 17.*

Error to Superior Court of Detroit.

*Jackson & Wisner,* for plaintiffs in error.

*E. Y. Swift* and *T. Romeyn,* for defendants in error.

CAMPBELL, J:

Plaintiffs seek to recover against defendants for articles and board furnished to certain laborers and others under an employment or undertaking from one Aldrich, who had taken a sub-contract from defendants to finish a six mile section of the Detroit and Bay City Railroad, which defendants were building as general contractors.

The liability, so far as the allegations of error refer to it, is alleged to have arisen out of the fact that defendants

paid the laborers during a portion of the time involved, and in paying them retained from each payment the amount of claims of such creditors as are represented by the plaintiffs, and continued to keep the moneys thus retained.

Under the testimony upon the trial, the court, under charges not complained of, and which were, so far as we can see, as favorable as the testimony warranted, left it to the jury to determine on whose credit the articles were furnished, and, upon the question of Aldrich's agency, held that defendants would be chargeable if by their conduct they had done any thing which was reasonably calculated to lead to a belief that Aldrich was their agent.

The jury found generally for the defendants, and found specially that Aldrich never was an agent, and further, that the agreements were made with him personally and not as agent, and the debts sued for were incurred and the articles furnished solely on his credit and engagement, and not on account of defendants.

Under these findings, there can be no question that even if defendants had promised to pay the accounts, their promise was within the statute of frauds, as a promise to pay the debt of another.

The plaintiffs, recognizing this difficulty, insist that the defendants are liable for money had and received to their use, by reason of the detention of the money.

As none of this money was paid to them for any purpose, and as it was merely a failure to pay so much money to Aldrich or on his account, it would be necessary at least to show that there had been a settlement with him under which these amounts now claimed had been allowed as so much money, and that they had agreed to pay them as their own obligations accordingly. Whether this would have brought them into a direct liability to plaintiffs or not, need not now be considered, as no such case was made out, and no charge was sought on that distinct basis. But as it is claimed a charge was asked implying this, it is sufficient to say there was no legal evidence on which to base it. All

the evidence there was on the subject tended to show that Aldrich had been overpaid; and it is alleged as error that this evidence should not have been received. It was certainly receivable upon the theory of the plaintiffs; and was relevant upon the only issue under which it would have been possible for them to recover upon their own view of the case.

It is alleged further as error, that the court below improperly cut off the right of plaintiffs' counsel to sum up the case.

It appears from the bill of exceptions, that after the parties had rested the case, counsel for plaintiffs opened the case to the jury and occupied less than one hour in making said opening argument, and that he closed said opening argument as far as he desired then to do. The counsel for defendants stated they should only address the court on questions of law, and should not address the jury, who were allowed to be absent during the legal arguments. When these were closed, the counsel for plaintiffs desired to make a closing argument to the jury on the facts; but the court refused to permit him to do so.

It is certainly important to the administration of justice that no one be deprived of the full benefit of counsel. And it ought not to be allowed to counsel by any strategy or artifice to prevent a fair hearing. But it is necessary, in considering this matter, to regard the ordinary course of procedure. Usually the plaintiff's opening must indicate what the defendants are expected to meet. They have a right to know what arguments are to be urged against them, and this they can only learn from the opening, inasmuch as they have no reply. In most cases, if they do not think the opening requires any arguments to fortify their case against it, they may fairly let the case go to the jury as it stands, and no reply is needed where there is nothing to be replied to.

But while this is true in theory, it is also true that when all the testimony is in, the defendants know perfectly well

before the opening what the line of argument against them must be, and that its effect upon the jury will depend more or less upon the skill and force of opposing counsel in presenting the facts. As only one counsel opens, and as where there are more than one the ground is usually divided, and the junior commonly precedes, the effect of cutting off a reply may be to prevent the whole case from being thoroughly presented. We cannot think that there is any absolute right in a defendant to produce such a result. Every court is bound in fairness to prevent such abuses. But inasmuch as the propriety of interference must depend upon circumstances, we think the matter comes within those discretionary rules which must, unless in extreme cases, leave the trial judge to determine the course of the procedure.

There is nothing in the present record to show that there was any thing to prevent the opening from being made as complete as possible. There is nothing to indicate that the decision of the jury under any argument could justly have been different. If we conceived it proper to review the action of a court on such questions, we should not regard this case as warranting criticism.

The judgment must be affirmed, with costs.

The other Justices concurred.