J. J. FARRELLY *et al.,* Appellants, v. R. W. GADSDEN.

**Forbearance from Attaching:** DAMAGES: *New trial.* Where plaintiffs alleged that they were about to secure their claim by attachment against their debtor, but at the request of the defendant, and relying on his promise that he would prevent any loss to

them, and that the debtor was solvent, they refrained from issuing the attachment, and that defendant has failed to keep his contract, and that the debtor's property was encumbered for more than its value, but failed to prove on the trial that they were ready and about to issue the attachment, and that a cause for attachment existed, at the time the alleged promise was made, a verdict in their favor was properly set aside, and a new trial granted, it having been made the law of the case by instructions, not excepted to, that the right to recover depended upon present intent and ability to attach.

*Appeal from Dubuque District Court.*—HON. FRED O'DONNELL, Judge.

FRIDAY, DECEMBER 15, 1899.

ACTION at law to recover for alleged breach of contract and for deceit. There was a trial by jury, and a verdict for the plaintiffs. A motion of the defendant for a new trial was sustained, and the plaintiffs appeal.—*Affirmed.*

*R. W. Stewart* for appellants.

*Henderson, Hurd, Linehan & Kiesel* for appellee.

ROBINSON, C. J.—The plaintiffs are partners doing business under the firm name of J. J. Farrelley & Co. In August, 1895, one C. C. Counsell was owing the plaintiff about one thousand three hundred dollars. Their petition contains three counts, which allege substantially as follows: (1) That on the 7th day of the month named the defendant verbally agreed with the plaintiffs to act for them in securing and collecting their claim; that he requested that Counsell be given further time, and said that, if it was given, he would undertake that no one should obtain any advantage by reason of the delay, and that he would protect the plaintiffs against injury or loss by reason of the delay; that, when the agreement aforesaid was made, the plaintiffs were about to cause to be issued an attachment against the property of Counsell, and so informed the defendant, who requested the plaintiffs to delay the issuing of the writ, and said he

would undertake to collect or secure the claim, and assured the plaintiffs that no person whomsoever should secure any rights superior to theirs by reason of the delay; that, relying upon the promises of the defendant, they granted the delay asked, and refrained from issuing the attachment as proposed; that, notwithstanding his agreement, the defendant failed in all his undertakings specified, and permitted other parties to obtain judgment by confession against Counsell and judgment liens, on the 10th or 12th days of August, to an aggregate amount greater than the value of the property belonging to Counsell; and that the plaintiffs are, in consequence, unable to collect their claim. (2) That, for the purpose of cheating and defrauding the plaintiffs, the defendant represented that he could and would prevent the obtaining or giving of any liens on the property of Counsell and requested them to refrain from causing to be issued on their claim a writ of attachment which they were then about to obtain, and of which the defendant knew; that, for the fraudulent purpose aforesaid, the defendant fraudulently stated that Counsell was able to pay his indebtedness, and that he had sufficient property to pay the claims against him and requested that the plaintiffs refrain from causing a writ of attachment to issue against his property, stating that he was in position to prevent any person from getting a lien upon the property of Counsell prior to the securing of the claim of the plaintiffs, and would prevent any liens from being obtained prior to a lien in favor of the plaintiffs, and that he would have the claim of the plaintiffs secured before Counsell should make any disposition of his property, and that no rights should be permitted to intervene; that, for the purpose of cheating and defrauding the plaintiffs, he requested that the matter of securing judgment on the claim be left to his management; that, relying upon his promises and representations, and at his request, the plaintiffs intrusted the business to him; that he at once procured judgments against Counsell, one of which was in his own favor.

and another in favor of Hannah W. Gadsden; that the
fraudulent promises and representations aforesaid were made
for the purpose of enabling him to obtain said judgments:
that he fraudulently failed to notify the plaintiffs of said
judgments, and of a third one in favor of another person
(3) That the plaintiffs had directed their attorney to
cause to be issued and levied upon property a writ
of attachment to secure the payment of the amount
due them; that on the 7th day of August, 1895, as the
plaintiffs were about to secure their claim by writ of attach·
ment, and at a time when the property of their debtor was
not encumbered, the defendant requested them not to com·
mence suit, nor attach the property of Counsell, and verbally
agreed that if they would not commence the proceedings
proposed, and would give time for an examination of the
claim, and an opportunity for Counsell to pay it, he
(defendant) would not permit the plaintiffs to suffer any
loss by reason of the delay or time granted, expressly obligat-
ing himself to the plaintiffs to prevent any loss to them:
that, relying upon his promises, and his representations that
he knew the financial condition of Counsell, and that he was
solvent, the plaintiffs agreed with the defendant to the delay
requested, and refrained from causing the property of
Counsell to be attached; that the defendant violated his
agreement; and that the property of Counsell was incum·
bered for more than its value, and all of it was absorbed
and plaintiffs were deprived of their claim, as Counsell was
insolvent. The defendant denies the alleged representations
and promises on his part, and denies that he was under any
obligation whatever to the plaintiffs. The motion for a new
trial was based on twenty-nine alleged grounds. The record
in regard to the ruling on the motion is as follows: "The
court held and ruled that  *   *   *.  the motion for new
trial (be) sustained on the ground that the plaintiffs did not
show on the trial that they had cause for attachment, and
that the evidence does not show that plaintiffs were ready,

prepared, and about to have attachment issued at time of representations that were made by defendant as claimed by plaintiffs."

We are of the opinion that the conclusions of the court in regard to matters not proven is fully sustained by the record. The facts in regard to the alleged intention to attach the property of Counsell, as shown by the attorney who acted for the plaintiffs, are as follows: "The attorney met the defendant and Counsell at Dyersville on the 7th day of August, 1895, and there conferred with them in regard to the claim of plaintiffs. There is much conflict in the evidence in regard to what was then said, the claim of the attorney in regard to statements and promises made, being in most important respects contradicted by the defendant and Counsell. The attorney states: That he told the defendant that, if the claim of the plaintiffs was not secured, "attachment proceedings would be commenced." That the wife of Counsell refused to sign papers required to secure the claim, and the attorney then said to the defendant that he "should commence proceedings; * * * that my instructions were to sue, and when they refused to sign the papers I told them they would have to prepare for the worst. * * * I told Mr. Gadsden * * * that, if this matter was not secured that I would commence suit immediately, and would aid that suit by attachment." There is no evidence which tends to show that the plaintiffs had any grounds on the 7th day of August for causing an attachment to issue, nor that they believed such grounds to exist, nor that they had made any preparation for procuring an attachment, nor that one could have been procured by them. Nor is it shown that they had ordered suit brought, nor that they had determined to commence suit, although it appears that seven days later they did commence an action on their claim, aided by attachment But, if there was in fact any ground for suing out an attachment,—and that there was is not shown,—it may have arisen after the 7th day of the month.

It is urged by the plaintiffs that it was not essential to a recovery by them that a ground for attachment should have existed, nor that they should have been ready and about to have an attachment issue; that a promise to forbear suit was a sufficient consideration for the agreement of the defendant however short the time of forbearance was to be. See *Burke v. Dillin,* 92 Iowa, 557. The petition was not drawn on the theory thus suggested, nor was it submitted to the jury by the court. On the contrary, the jury was instructed that to enable the plaintiffs to recover on that branch of the case they must show that, through their attorney, they "were ready, prepared, and about to have issued an attachment against the property of Counsell," and that "a threat to have issued an attachment, without a present intention and ability to do so, would not entitle one to damages for fraudulent statements which induced one to postpone issuing an attachment longer than he would otherwise have done." Exceptions were not taken by the plaintiffs to the charge, nor to any part thereof. It was the law of the case, and it was the duty of the jury to follow it. The plaintiffs failed to prove that they were ready, prepared, and about to issue an attachment when the alleged promise of the defendant was made, and the verdict was properly set aside, and a new trial granted. It is true that the failure of proof referred to by the court was that required to sustain the cause of action alleged in the third count of the petition, and that two others were pleaded. The court, however, formally withdrew the first count from the jury, stating that there was no evidence to sustain it; and the second count was also in fact, although not formally withdrawn from the jury by the charge, which stated, in effect, that proof of material matters averred in that count would not show a cause of action. It is clear from the reasons given by the court for sustaining the motion for a new trial that it found the evidence insufficient to sustain the verdict, and that it was not sufficient was one of the grounds upon which the motion was based. If it be conceded, as

claimed by the plaintiffs, that it was not necessary, under the pleadings, for them to prove that they had a cause for attachment on the 7th day of August, it does not follow that the court erred in granting a new trial for the reason that other facts, which the charge made essential to a recovery, and which were specified by the court, had not been shown. We are of the opinion that the district court was right in granting a new trial, and its order to that effect is AFFIRMED.

GRANGER, J., not sitting.