MARY L. HENRY v. ANDREW DUSSELL.

FILED APRIL 21, 1904.  No. 13,301.

1. **Contract:** CONSIDERATION.  The consideration sufficient to support a promise may be a detriment suffered by the promisee in reliance upon the promise, as well as a benefit accruing to the promisor.

2. **Directing Verdict.**  Where, in an action on a contract, the defendant pleads illegality of consideration and duress, upon a return of a finding as to the two defenses pleaded adverse to the defendant, it is proper for the court to instruct the jury to find for the plaintiff, if, under the pleadings and the evidence, facts sufficient to show that the contract is upon a valid consideration appear uncontradicted.

3. **Instructions**: ERROR WITHOUT PREJUDICE. In such case, if the issue of illegality of consideration and that of duress are properly submitted to the jury, upon which their verdict is adverse to defendant, it is not error prejudicial to defendant that the court, instead of directing the jury to find for the plaintiff upon the issue of consideration, instructs the jury incorrectly as to what constitutes a valid consideration for the contract.

4. ———: ———. An instruction which contains an inaccurate statement of the law will not work a reversal of the judgment, if it is manifest that the instruction could not have confused or misled the jury, and where it appears that the verdict must have been the same, if the instruction had been technically correct.

5. **Trial**: ARGUMENTS. Whether or not, after argument by counsel for plaintiff to the jury, the defense can cut off further argument by waiving argument on his own behalf is a matter within the sound discretion of the trial court regulating the procedure of the trial.

6. **Rulings**: DISCRETION OF COURT. Under the facts stated in the opinion, *held*, that the ruling of the trial court was not an abuse of discretion.

7. **Instructions**. Instructions requested, given and refused, examined, and *held*, that the rulings of the court thereon were not prejudicially erroneous.

8. **Rulings**. Rulings of the trial court on the admission and exclusion of testimony, examined, and *held* not erroneous.

9. **Evidence**. Evidence examined, and *held* that the verdict and judgment are sustained by the evidence.

ERROR to the district court for Platte county: JAMES A. GRIMISON, JUDGE. *Affirmed.*

*Allen & Reed* and *W. N. Hensley*, for plaintiff in error.

*Reeder & Hobart* and *McAllister & Cornelius, contra.*

KIRKPATRICK, C.

Mary L. Henry prosecutes this proceeding from a judgment of the district court for Platte county. rendered in an action brought by Andrew Dussell against Mary L. Henry to recover upon a contract for the payment of money. This contract is in the following language:

"This agreement, made and entered into this 24th day of March, 1902, by and between Mary L. Henry of Columbus, Nebraska, and Andrew Dussell of the same place, witnesseth as follows: Whereas the said Mary L. Henry is the mother of Robert H. Henry, an infant between 18 and 19 years of age, and the said Andrew Dussell is the father of one Jessie G. Dussell, of the age of 17 years, and, whereas the said Robert H. Henry and the said Jessie G. Dussell, with the consent of their parents, the parties to this contract, are about to be married, which said marriage is believed by all parties to be for the best interests of all persons concerned, and, whereas the said Robert H. Henry has not possession or control of any means or property wherewith to support the said Jessie G. Dussell, and defray the expenses of her expected sickness, and, whereas the said Mary L. Henry has possession and control of property and means to which the said Robert H. Henry will be entitled on reaching his majority: It is therefore agreed by the said Mary L. Henry that she will pay to the said Andrew Dussell, the first party hereto, within 10 days, the sum of five hundred dollars ($500), of which sum three hundred dollars ($300) shall be applied to defray the expenses of the said Andrew and the said Jessie G. up to the present time, the remaining two hundred dollars ($200) shall be applied to the future maintenance and support of the said Jessie G.; and the first party further agrees, at such time and times as may be necessary, to pay such other and further sums to the said Andrew Dussell for the support and maintenance of the said Jessie G. as may be necessary, so long as she remains the wife of the said Robert H. Henry; and the said Andrew Dussell agrees, on his part, to see that the said Jessie G. is provided with a suitable room, shelter, clothing and medical attendance from the proceeds of said money, and to apply the said money, and also such other sums as may be paid to him, to the support of the said Jessie G. as may in his judgment seem meet and proper, rendering an account thereof to the said first party. Wit-

ness our hands this 24th day of March, 1902, in duplicate.
"In presence of

"J. G. REEDER.                    "MARY L. HENRY,
                                  "ANDREW DUSSELL,
                               "By ERNEST P. DUSSELL."

In the petition this contract is set out *in hœc verba*, and
it is alleged that Robery H. Henry and Jessie G. Dussell
were united in marriage in Denver, Colorado, March 24,
1902; that the plaintiff, pursuant to said contract, pro-
vided the said Jessie G. Dussell with suitable room, shel-
ter, clothing, nursing and medical attendance, and that a
child has been born to Jessie; that the plaintiff has kept
and performed all the conditions of the contract on his
part to be performed, and that the defendant, Mary L.
Henry, has failed and refused to pay the sums of money
provided by the contract by her to be paid, and judgment
in the sum of $500 is prayed. The answer pleaded that the
contract declared upon was without any consideration,
that the real consideration was an unlawful one, namely,
the abandonment of a prosecution against Robert H.
Henry for rape pending before a justice in Platte county,
and that the signing of the contract on the part of the
defendant was brought about by duress consisting of
threats that, unless it was signed, Robert H. Henry would
be incarcerated in the Nebraska penitentiary, which
threats deprived defendant of her free volition. Plaintiff's
reply was a general denial. A trial to a jury resulted in
a verdict and judgment for plaintiff for the full sum
prayed for.

There are many assignments of error, and we will con-
sider and pass upon those which are deemed of importance
in a correct disposition of the controversy. Preliminary
to a discussion of the legal questions involved, a statement
of the principal facts will be given. The parties to this
suit, as well as the daughter of the plaintiff and the son of
the defendant, lived in the city of Columbus, this state.
Defendant is a widow, and some time prior to the execu-

tion of the contract in suit had gone with her son to the state of Colorado, apparently upon medical counsel that a change of climate was necessary on account of the health of her son. It appears, however, that, prior to the departure of defendant and her son for Colorado, Robert H. Henry and Jessie G. Dussell had sustained relations resulting in the pregnancy of Jessie. This fact coming to the knowledge of plaintiff, proceedings were commenced for the arrest and extradition of Robert, that he might be made to answer to the charge of rape upon the person of Jessie. Requisition papers were issued by the governor of the state of Nebraska, which were taken by one Byrnes, sheriff of Platte county, together with one Reeder who accompanied him, to Colorado, and there presented to the governor of that state, who, upon the showing made, issued a governor's warrant for the arrest of Robert. Defendant contended at the trial that she knew nothing of the relations sustained by her son toward Jessie Dussell until waited upon and informed of the charge pending against him by Byrnes and Reeder. Be that as it may, it appears that defendant, when apprised of the situation, asked if anything could be done to settle the matter, and was told that the marriage of her son with Jessie would be satisfactory, and would be regarded as a reparation. The contract in suit was thereupon drawn up, signed and delivered.

It appears from the evidence that the father of Jessie, plaintiff, was a man of ordinary means, and that Jessie, his minor daughter, was his housekeeper, her mother being dead. It is also made apparent that the Henrys were in more than comfortable circumstances. We mention these two facts at this time because they, in a measure, throw light upon the situation which resulted in the execution of the writing which forms the basis of this action. It is also convenient at this time to advert to the defense of duress, hereinafter more particularly considered. It was contended by defendant that the contract was obtained by intimidation and threats. This contention may

be regarded as eliminated from the case by the verdict of the jury. We believe that their special finding in regard thereto is amply supported.

Robert and Jessie were married, as alleged in the petition, and, subsequently, Jessie gave birth to a child. Medical attendance and nursing were provided by plaintiff. There is no question to be made, under this record, as to the paternity of the child; it is that of Robert H. Henry. He appears from the evidence to have been quite willing to marry Jessie.

The first question for determination is, whether the petition states a good cause of action. It was not attacked by demurrer at the trial, but objection was raised for the first time after issues were joined and the trial commenced. It is therefore entitled to a more liberal construction than it would otherwise be. Defendant invokes the familiar rule that, where the declaration is upon a simple contract, the petition must plead the consideration, unless the consideration is recited in the contract and that is set out *in hæc verba*. As no particular allegation in the petition purports to set forth the consideration, our inquiry will be confined to the contract, which appears in the petition in its entirety. The question is, whether it shows a consideration sufficient to bind defendant to her promise. It is not material that it recites facts which, standing alone, would not constitute a legal consideration. It appears that one of the parties to the contract was the father of a minor daughter; the other the mother of a minor son; also, that the intercourse of the minors had resulted in the pregnancy of the daughter. The minority of these children, and the pregnancy of Jessie by Robert, constituted the conditions confronting the parties to this contract and with which they sought to deal. Much of the argument of counsel for defendant is directed to the inquiry, whether this contract shows that anything of value, a benefit of any kind sufficient to constitute a consideration, passed to Mary L. Henry; or whether, by making the promise, she escaped any burden for which otherwise she would be

legally liable.  It is asked, whether the immoral relations of Robert and Jessie imposed on defendant an obligation to pay either to Jessie or her father a sum of money.  We think it may be answered that the relations of Robert and Jessie, resulting in the latter's pregnancy, did not impose any legal obligation on defendant.  But it is not necessary, in our view, to point out any specific benefit that accrued to Mary L. Henry by reason of her promise.  The agreement is not a *nude pact,* even though it is manifest that defendant received no benefit at all.  *Shaffer v. Ryan,* 84 Ind. 140; *Rucker v. Bolles,* 80 Fed. 504; *Dorwin v. Smith,* 35 Vt. 69; *Dyer v. McPhee,* 6 Colo. 174.  It seems that a benefit to the promisor is not an essential to consideration, but that consideration may be a detriment to the promisee or a benefit to a third person.  It is the view of some of the courts that this is the only true and invariable test of consideration.  Does it appear from this contract that plaintiff in reliance upon the promise of defendant suffered a detriment?  Not as a result of a breach of the agreement, but as a result of entering into it and acting in reliance on it?  If this question can be answered in the affirmative, the contract is not unsupported by a valid consideration.

Now, to us it appears perfectly plain that the making of this contract depended upon the consent of the plaintiff to the marriage of his daughter to the son of defendant. He was not under any obligation to consent to this marriage. She was a minor at the time of the making of this contract.  It is not necessary to decide whether he had a right of action against the seducer of his daughter, and whether by this contract and his consent to her marriage he waived such right of action.  It is clear that he was entitled to her services until her majority, which, except for this marriage, would not have occurred for some time thereafter.  Under the facts shown in evidence, those services were more than ordinarily valuable to him, but the mere quantum of their value is not material.  To our mind, the contract may be read as if thereby the defendant said,

"If you will consent to your daughter's marriage to my son, thereby surrendering your claim upon her services during her minority, I will," etc. The legal effect of plaintiff's consent to his daughter's marriage was a surrender of his right to her services during minority, and it is equally clear that there could have been no contract without this consent. If, therefore, plaintiff's reliance on defendant's promise resulted in a detriment to him, it is immaterial whether the making of that promise secured a benefit to defendant. Under this state of facts, we would certainly hesitate to declare this contract wholly void, and conclude that, as declared upon in the petition, it sufficiently shows a valid consideration.

Among the remaining contentions of defendant, several require but little consideration, inasmuch as they are dependent upon questions of fact, which were resolved by the verdict of the jury adversely to defendant. The first of these was the defense that the real consideration was the abandonment of the proceedings pending against Robert in Platte county. This question was submitted to the jury for a special finding, and they say this was not the real consideration. We believe, after an examination of the evidence, that this verdict is right.

We have already adverted to the defense of duress. Under this plea it was sought to be shown that defendant signed the contract because of the threat that, if she did not, her son would be prosecuted and imprisoned, and the promise that, if she did, he would be permitted to go free; and that, confronted with this alternative, she was deprived of her free volition. Our examination of the testimony, and particularly of that of defendant, upon this question has convinced us that the jury were amply justified in finding against defendant upon this contention. It is true, she says she signed the contract to save her boy from prison, but her own narrative of the events immediately preceding the execution of the contract is not calculated to corroborate this statement. This interview, looked at even through the medium of this narrative, seems

to have been one especially free from conduct and influences calculated to deprive defendant of her free will. It was characterized by an evident desire, not only on the part of those representing plaintiff, but defendant also, to do the thing that would be right and proper. Defendant was no doubt disappointed upon learning of her son's intimacy with a young woman, who, perhaps, would not have been selected by Robert's mother to be Robert's wife, but we believe the record shows that she took a philosophic view of a bad situation. It is to be remarked that the son was not averse to the union, and this woman appears to have entered into this contract freely and voluntarily.

The court upon its own motion gave the two following instructions to the jury:

"5. You are instructed that if you believe from the evidence that the defendant Mary L. Henry voluntarily entered into said contract, that said contract was founded upon consideration of the marriage of Jessie G. Dussell, daughter of plaintiff, to Robert H. Henry, son of defendant, and that said marriage was the cause actuating defendant in executing and delivering said contract to said plaintiff, then said contract is a valid and binding contract.

"6. If you find from the evidence that the consideration of the contract sued upon was the abandoning or agreement to abandon the criminal proceeding against Robert H. Henry, son of defendant, then such consideration is not a legal consideration, and your verdict should be for the defendant."

This instruction is not a correct statement of the law. If the plaintiff in the making of this contract had acted as the agent of his daughter, making the contract for her and on her behalf, she would doubtless be in a position to enforce it. In such event her marriage would have been a consideration. But this contract is a sole and independent one between the parties to this suit. The consideration of the promise must move from the plaintiff.

But while this instruction is not correct, we are of opin-

ion that the giving of it was not such error as requires the reversal of the judgment. In our consideration of the sufficiency of the petition, we concluded that a consideration sufficient to support the contract was therein shown, namely, the surrender by the plaintiff, in reliance upon the promise, of his right to the services of his daughter. This was a detriment suffered by him, and followed as a legal consequence upon his consent to the marriage. The answer pleaded illegality of consideration and duress. Upon these two issues defendant was entitled to have the jury properly instructed. The execution of the contract being admitted, it followed from an adverse verdict upon the two defenses pleaded that the contract was valid and binding, and plaintiff, as a matter of law, was entitled to recover. It is apparent, then, that the giving of instruction numbered 5 was not prejudicial to defendant. It had no tendency to confuse or mislead the jury in the consideration of the two issues properly submitted to them. The trial court might well have instructed the jury that, if they found against defendant on both the defenses pleaded, their verdict should be for plaintiff. The giving of a wrong instruction, which could not possibly have prejudiced the defendant, will not justify the reversal of the judgment.

The complaint directed against instruction numbered 6 is that it is confined to the defense of illegal consideration, and makes no mention of the defense of duress. But the latter defense was properly treated in subsequent instructions.

The defendant asked the court to instruct the jury that the doctrine of marriage settlement had no application to this case, and in this instruction matters in explanation of what constituted a marriage settlement were incorporated. There was nothing in the evidence or in the issues joined by the pleadings suggestive of a marriage settlement, and we fail to understand upon what principle a negation of this kind was necessary to go to the jury.

The defendant asked the court to instruct the jury that the marriage of the minor children of plaintiff and defend-

ant was not a consideration for the contract in suit, and that, unless they found that there was another and different consideration, they must find for defendant. In view of what has just been said with reference to instruction numbered 5 given by the court, the refusal of this request was not error prejudicial to the rights of defendant.

The defendant requested an instruction to the effect that, under the law of this state, plaintiff had no right of action against the seducer of his minor daughter, which was refused. This request was based upon evidence to the effect that those representing plaintiff at the interview, which resulted in the execution of the contract in suit, stated to defendant that plaintiff had such right of action. Defendant asked to have the jury instructed as indicated, and that, if defendant's belief in this representation was an inducing cause to the execution of the contract, that fact, together with other facts, might be considered in connection with the defense of duress. The court instructed the jury, and we think properly, that if they found that defendant entered into the contract freely and voluntarily, and not because of fear or duress, the statements made by Reeder and Byrnes were immaterial. The issue of duress having been submitted to the jury, the refusal of the requested instruction just referred to was not error.

The court instructed the jury at the request of plaintiff that, if they found that at the time of the execution of the contract there was no agreement or promise on the part of plaintiff to abandon the prosecution of Robert, then the defense of compounding a felony was not sustained, and upon that issue they should find for the plaintiff. It is said that this instruction states but half the truth. If we do not misapprehend counsel, it is sufficient to say that the other half is embraced in instruction numbered 6, heretofore quoted.

The criticism directed toward other instructions which were given are with reference to the court's statements as to what did constitute a sufficient consideration. We do

not believe, in view of views already expressed, that the jury were misled as to the issues properly before them, and defendant suffered no prejudice by reason of the instructions complained of. The same may be said with reference to the instruction that, under the law, if a female between the ages of 16 and 18 marries, her minority ends. This instruction was unnecessary but can not have been prejudicial.

There is an extended discussion in brief of counsel for defendant with reference to the alleged errors of the trial court in the admission and exclusion of testimony. The errors assigned are several hundred in number, and of necessity the space devoted by counsel in the discussion of each error is limited. Some of the rulings complained of excluded testimony of defendant, or struck out answers as not responsive. Some of the evidence excluded was afterwards admitted. In other cases the rulings do not seem to have been erroneous in view of the issues being tried. We have carefully read the evidence, together with the rulings made by the court, bringing to bear on our inquiry all the light which counsel have shed by means of brief and oral argument, and we are satisfied that there was no prejudicial error committed by the court. It would make this opinion unwarrantably long to discuss each assignment in detail. The record is voluminous, but our examination has convinced us that the trial was had with circumspection and care, and the rulings of the court were fair and reasonable.

It is contended that there was error in denying to counsel for defendant the right to argue the case before the jury. It apears that by agreement each side was to have two hours for argument, the defendant to open and close, and not to use more than half the time allotted in the closing argument. Pursuant to this agreement counsel for defendant occupied a little over an hour in the opening argument, whereupon counsel for plaintiff announced that the plaintiff waived argument. Further argument on behalf of defendant was not permitted by the court, the argument

being held to be at an end.  It is quite possible that, under some circumstances, to put it in the power of the defense to close the argument in this manner would result in a hardship, but we are inclined to adopt the views expressed by the supreme court of Michigan in *Barden v. Briscoe,* 36 Mich. 254, that matters of this kind rest in that large discretion of the trial court by which the general course of procedure is regulated, and that an appellate court would not be justified in making the ruling a ground for reversal unless it was manifest that the discretion was abused. That there was an abuse in this case, we are certainly not prepared to say, and this ruling will not be held to be erroneous.

Complaint is lodged against the order of the trial court in taxing costs against the defendant, the contention being that the amount involved in the case brought it within the jurisdiction of the county court, and the case not having been brought there, costs were not under the ruling of this court recoverable in the district court.  Several cases from this court are cited which, however, do not sustain the point.  We do not know of any rule which prevents a plaintiff from recovering his costs in a case brought in the district court in the first instance, unless it be in the case of an action whereof it appears a justice of the peace had jurisdiction.  Section 621 of the code.  Such is certainly not this case.

We have gone over this record, and the extended and exhaustive argument in support of the errors assigned, and have failed to see wherein it appears that the trial court erred to the prejudice of defendant.  It is therefore recommended that the judgment of the district court be affirmed.

DUFFIE and LETTON, CC. concur.

By the Court:  For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.