GUSTAV MOENCH v. ANDREW HOWER, Appellant.

Contracts: MUTUALITY. Where corporate stock is purchased upon
1    the agreement of another to take it from the purchaser after a
     stated time at a fixed price there is a mutuality rendering the
     agreement valid.

Same: CONSIDERATION. Where corporate stock is sold upon an
2    agreement of the president of the company to take the same

at a stated price after a certain time, if the purchaser so elect, as an inducement for him to enter the employ of the company there is a sufficient consideration for the agreement, although the promissor receives no direct benefit; since a detriment to the promissee or a benefit to the corporation constitutes a good consideration.

**Same:** OPTIONAL SALES: ELECTION: REASONABLE TIME. Where plaintiff bought stock in a company upon the agreement of another to take it off his hands at any time after six months, should he so elect, he was bound to make the election within a reasonable time dependent upon the particular circumstances; and an election made within eighteen months from the expiration of the six months is held to have been within a reasonable time.

*Appeal from Webster District Court.*—HON. W. D. EVANS, Judge.

WEDNESDAY, MARCH 11, 1908.

THE defendant was president and J. W. Ryan manager of the Ryan Implement & Hardware Company, to which plaintiff applied for employment. Ryan proposed that he purchase stock in the company, and it was subsequently arranged that he should take ten shares at the par value of $1,000, which he did. At the same time he received as security the following contract: " Ft. Dodge, Iowa, March 12, 1903. I hereby agree that at any time after six months from this date that Gustav Moench should want to withdraw his stock from the Ryan Impl. and Hdw. Co. to take it off his hands at 100c. on the dollar by giving him thirty days' notice. (Signed) Andrew Hower." The plaintiff worked for the company until March, 1905, and then, owing to the difference as to wages he should receive, quit, and on the 17th day of that month, he served notice on the defendant, tendering to him the shares of stock in the company and demanding payment therefor of one hundred cents on the dollar within thirty days. This was refused, and this suit was begun on the above contract. The defendant admitted signing

it, but alleged that the agreement as made was to assure plaintiff of employment by the company within six months, and that by mistake, Ryan, in preparing the contract, did so as set out instead of as agreed; that it was intended to be so drawn as to bind the company instead of the defendant individually, and defendant prayed that the writing be reformed so as to express the understanding of the parties. The defendant pleaded, further, that the contract (1) was not mutual; (2) was without consideration; (3) was indefinite as to time of performance; (4) that plaintiff did not elect to avail himself of its benefits within a reasonable time; and (5) that plaintiff was estopped from demanding payment for that the stock had become worthless. Plaintiff put in issue these allegations, and the cause was transferred to the equity side of the calendar. Upon hearing, relief was granted the plaintiff as prayed, and the defendant appeals.— *Affirmed.*

*Maurice O'Connor,* for appellant.

*Healy Bros. & Kelleher,* for appellee.

LADD, C. J.— The evidence was such as to justify the trial court in declining to reform the written agreement by which the defendant undertook " at any time after six months from this date that Gustav Moench should want to withdraw his stock from the Ryan Impl. & Hdw. Co. to take it off his hands, at 100c. on the dollar by giving him thirty days' notice." It may be that the part of the consideration for the sale of this stock was plaintiff's employment by the company, but the evidence fails to show by a fair preponderance that the agreement was executed to assure plaintiff of employment rather than as security, or that it was to be the company's obligation instead of defendant's. The plaintiff was unfamiliar with the affairs of the company, and might well have exacted some security for his protec-

tion, and, on the other hand, the defendant, as well as Ryan, evidently thought the stock worth all that was paid, and perceived no danger in furnishing the security demanded. The defense interposed no more than embodies the reasons which might have actuated the defendant in executing security, i. e., that he would be protected by the company, and plaintiff would be satisfied if employed, and not desire to withdraw from the concern. It is enough to say, without reviewing the evidence, that we are content with the findings of the trial court.

II. The contention that the contract was invalid owing to want of mutuality is disposed of by *Merchant v. O'Rourke,* 111 Iowa, 351, and *Hamilton v. Finnegan,* 117 Iowa, 623. Nor is there any ground for saying that it was without consideration. Possibly the defendant received no benefit, but the company did, and this agreement was the inducement which led plaintiff to part with his money. In other words, the plaintiff did what he would not otherwise have done but for this promise, and this constituted a valuable consideration therefor. *Harlan v. Harlan,* 102 Iowa, 701; *Henry v. Dussell,* 71 Neb. 691 (99 N. W. 484), 6 Cyc. 311, 316. True, the negotiations were with Ryan, but with the understanding that Hower would furnish security, and Hower did so, knowing that plaintiff was buying the stock and the company receiving the benefit, so that the purchase was at the instance of defendant, though in pursuance of the agreement with Ryan. Benefit to the promisor is not essential to consideration. It is sufficient if a detriment to the promisee or a benefit to the third person result. As directly in point, see *Crook v. Scott,* 72 N. Y. Supp. 516 (65 App. Div. 139) affirmed in 174 N. Y. 520 (66 N. E. 1106).

III. The time within which plaintiff might elect to sell the stock to defendant was not fixed, but for the purpose of the case it may be conceded that he was required to elect within a reasonable time. See *Aultman, Miller & Co. v. Roemer,* 112 Iowa, 657. The terms of the contract pre-

vented this being done within six months, and he was not bound to do so immediately thereafter.  *Fitzpatrick v. Woodruff*, 96 N. Y. 561; *Magee v. Catching*, 33 Miss. 672; *Raymond v. Wathen*, 142 Ind. 367 (41 N. E. 815).   What is a reasonable time must of necessity depend upon the circumstances of each case.   Plaintiff would be likely to be content to leave this money in the stock while employed by the company.   This might reasonably have been contemplated by both parties, and that when he ceased to be an employé, he would naturally look elsewhere for investment.   In these circumstances, a delay of eighteen months cannot be said to have been unreasonable.   See *Fitzpatrick v. Woodruff, supra; Hoffman v. Railroad Co.*, 157 Pa. 174 (27 Atl. 564).   The stock in the company had depreciated greatly in the meantime, and possibly was then worthless, but the object of this contract was to furnish plaintiff security against just such a contingency.   There is no showing of bad faith on his part, and the plea of estoppel is without support in evidence.

The decree was right, and is *affirmed*.