ROBERT T. MOWBRAY et al., Appellees, v. IRENE SIMONS et al., Appellants.

MORTGAGES: Assumption of Debt—Consideration. An agreement
1 by the owner of mortgage-encumbered property to pay the mortgage (to which he was not, originally, a party), in order (a) to secure the dismissal of a foreclosure and (b) to secure certain corrections in his title, is supported by ample consideration, even though the agreement was to pay the mortgage on the very date called for by the mortgage, but not on the date called for by the note which the mortgage secured.

BILLS AND NOTES: Conflict Between Note and Mortgage as to Maturity.
2 turity. Date of maturity, as fixed in a note, controls a conflicting date of maturity as fixed in a mortgage which secures the note.

PRINCIPAL AND SURETY: Who are Principals. One who, on a
3 consideration running to himself, agrees to pay a note and mortgage to which he was not, originally, a party, is not a mere

surety for the original debtor. It follows that a release of the original debtor works no release of the new promisor.

*Appeal from Black Hawk District Court.*—H. B. BOIES, Judge.

JUNE 27, 1918.

SUIT in equity to foreclose a mortgage upon real estate, and against appellant upon a contract by which he assumed and agreed to pay the mortgage indebtedness. Decree as prayed.— *Affirmed.*

*J. G. Mitchell* and *Paulsen & Wood,* for appellants.

*Edwards, Longley, Ransier & Smith,* for appellees.

STEVENS, J.—Irene and John H. Simons, wife and husband, on March 17, 1914, executed and delivered a note for $3,350, antedated November 25, 1913, and payable March 1, 1916, to plaintiffs. The consideration for this note was a part of the purchase price for a tract of land. Payment of the note was secured by a mortgage on the land. The reason assigned for antedating the note was that interest was to commence on the indebtedness on November 25, 1913, instead of on the date on which the note and mortgage were executed. Both the note and mortgage provided that a failure to pay the interest when due would cause the whole indebtedness to at once become due and payable. The mortgage erroneously described the note as of even date therewith. Prior to November 9, 1914, L. C. Megow acquired title to the land, and on that date conveyed the same, by warranty deed, to Thomas G. Watterson, appellant herein, subject to the above mortgage. The interest on the note was not paid on November 1, 1914, and on December 8th, appellees demanded payment of the full amount of the indebtedness from the appellant. Appellant lived some distance from the

1. MORTGAGES: assumption of debt: consideration.

home of appellees, and, in reply to their demand for payment, wrote them that, according to the mortgage, the interest would not become due until March 1, 1915. Upon receipt of this letter, original notice of suit to foreclose the mortgage was placed in the hands of the sheriff for service upon appellant; but, before service thereof, and on December 16. 1914, the contract in writing which forms the basis of plaintiffs' claim against appellant, was entered into between the parties hereto, by which appellees agreed to extend the time of payment to March 1, 1915, in consideration of the assumption and agreement upon the part of appellant to pay the mortgage indebtedness on that date.

Subsequently, appellant sold the land to a purchaser who failed to pay the note on March 1, 1915, whereupon suit was brought upon the note, and a decree of foreclosure entered. Appellant was joined as defendant in the suit, and judgment was demanded against him on the contract for the full amount of the mortgage indebtedness. The premises were sold under special execution for $2,500. General execution was then issued and levied upon certain real estate belonging to Simons; but, before sale, the execution was returned, and an agreement entered into between plaintiff and Simons, releasing the latter from further liability on the judgment. Appellant appeared in the foreclosure suit and filed answer, reciting the history of the transaction, and, among other defenses, alleged: First, that the contract imposed upon him the liability of a surety only, and that, by the settlement with Simons, the principal debtor, he was released from liability on the contract; and, second, that the contract was executed without consideration. As these are the principal defenses relied upon, and the only matters discussed in argument, we will not refer to other issues tendered.

I. Counsel for appellant does not seriously contend that the note did not become due, according to its terms, on

November 25, 1914, because of the nonpayment of interest; but, as we understand it, their position is that, in the absence of notice to the contrary, the statement in the mortgage that the note was of even date therewith is controlling, and, therefore, the suit to foreclose the mortgage, in which the original notice was delivered to the sheriff for service, but not served, was premature, and the agreement to extend the time of payment to March 1, 1915, did not operate as an extension of time, and, therefore, the contract was without consideration. In this connection, it should be stated that there was an error in the description in the deed from appellee to Simons and from appellant's grantor to him, and the contract provided for the correction of these errors by the exchange of quitclaim deeds, which deeds were executed, as agreed. This is also relied upon by appellees as a consideration for the contract.

It has been generally held by the courts that the provisions of the note and of the mortgage given to secure the payment thereof, must be construed together and enforced accordingly, where this is possible. It is also the general, if not universal, holding that, where there is a conflict between the terms of the note and mortgage as to the maturity of the former, its provisions must control. This proceeds upon the theory that the mortgage, executed for the purpose of securing the payment of the note, is an incident thereto, and not the primary obligation. Jones on Mortgages (7th Ed.), Section 351; *State Bank v. Tweedy,* 8 Blackf. (Ind.) 447 (46 Am. Dec. 486) ; *Ferris v. Johnson,* 136 Mich. 227 (98 N. W. 1014) ; *Kennedy v. Gibson,* 68 Kan. 612 (75 Pac. 1044) ; *Owings v. McKenzie,* 133 Mo. 323 (33 S. W. 802) ; *San Gabriel Valley Bank v. Lake View Town Co.,* 4 Cal. App. 630 (89 Pac. 360).

2. BILLS AND NOTES: conflict between note and mortgage as to maturity.

It therefore follows that the indebtedness, payment of which was secured by the mortgage, fell due on November

21, 1914, because of the nonpayment of interest; and, if title had remained in the mortgagor, it would not be contended that the mortgage could not then be foreclosed. Appellant, it is true, did not assume, or agree to pay, the mortgage indebtedness, and, unless by the terms of the contract, was not personally liable for the debt; but the land was conveyed to him subject thereto. The note was antedated by mutual arrangement between the maker and appellees; and while the recitals in the mortgage may have misled appellant and caused him to default in the payment of the interest, the note, nevertheless, as between the maker and the appellees, became due according to its terms. Nothing appears in the record from which it may be inferred that the delivery of the original notice to the sheriff for service upon appellant was not in good faith, or that appellees did not believe they had a right to foreclose the mortgage. The commencement of a suit to foreclose the mortgage made it necessary for appellant to incur the expense of making defense thereto; and, in the event plaintiff succeeded, the land would be sold under special execution.

It may be assumed that appellant found it inconvenient, or undesirable, to pay the indebtedness, or to contest the suit to foreclose the mortgage, and that an extension of time until March 1, 1915, was beneficial to him. It is obvious that the contract was executed for the purpose of securing this extension, and perhaps also to obtain the execution of a quitclaim deed, correcting the description in his deed from Megow. The conveyance to him was subject to the mortgage for the payment of which the land was the primary fund. By the terms of the contract, he assumed and agreed to pay the same in consideration of an extension of time therefor until March 1, 1915. Plaintiffs agreed to forbear the foreclosure of the mortgage, and to extend the time as provided in the contract. The most that appellant can claim is that there was a fair controversy as to the right of the holder to

foreclose the mortgage. Appellees' agreement to forbear further foreclosure proceedings and to extend the time furnished a good consideration for the contract by which appellant bound himself for the full amount of the mortgage indebtedness. *Koon v. Tramel,* 71 Iowa 132; *Robertson v. United States L. S. Co.,* 164 Iowa 230; *Farrelly v. Gadsden,* 110 Iowa 69; *Runkle & Fouse v. Kettering,* 127 Iowa 6; *Blake v. Robinson,* 129 Iowa 196; *Gibson v. McIntire,* 110 Iowa 417; *First State Bank v. Williams,* 143 Iowa 177.

As illustrating what constitutes a good consideration for a contract, see the following: *Moench v. Hower,* 137 Iowa 621; *Adams v. Morton,* 37 Iowa 255; *Lucy v. Price,* 39 Iowa 26; *Burke v. Dillin,* 92 Iowa 557; *Mackin v. Dwyer,* 205 Mass. 472 (91 N. E. 893); *Snohomish R. B. Co. v. Great Northern R. Co.,* 57 Wash. 693 (107 Pac. 848); *Sutton v. Dudley,* 193 Pa. 194 (44 Atl. 438); *Nicholson v. Neary,* 77 Wash. 294 (137 Pac. 492).

Probably appellant, at the time, believed that the value of the land justified the assumption of the indebtedness. Some evidence was offered to the effect that he desired to plat the same into town lots, for the purpose of sale. The evidence, however, was conflicting upon this point. In any event, he must have desired to protect the land from foreclosure sale, and to avoid litigation. It is evident that the contract is supported by a good consideration.

II. Counsel also contends that the obligation assumed by appellant was that of a surety only. *Christner v. Brown,* 16 Iowa 130, is cited to sustain this contention. It is quite apparent that the liability of the defendant in that case was that of a surety; but, in the case at bar, appellant, for a good consideration, assumed and agreed to pay the mortgage indebtedness. He did not intend or assume to become a surety only. He desired to prevent the foreclosure of the mortgage, and to obtain an extension of time in which to pay

3. PRINCIPAL AND SURETY: who are principals.

the indebtedness. The contract was entered into, in part at least, for his benefit, and he thereby became primarily liable for the payment of the indebtedness. He was the owner of the land which was subject to the mortgage; and, while it is true that the note and mortgage were executed by his remote grantors, he was directly interested in preventing a sale of the land under foreclosure. His liability was not, therefore, affected by the settlement with and release of Simons.

Other issues tendered by appellant are not argued by counsel. We reach the conclusion, therefore, that the decree and judgment of the lower court should be and is— *Affirmed.*

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.