SANTURE *v.* DETROIT TRUST CO.

1. WITNESSES—EVIDENCE—AUTOMOBILES.

In case arising out of automobile collision with defendant's truck, resulting in death of plaintiff's decedent and his driver and injuries to witness, also a passenger, where court permitted showing that witness was in hospital, suffering from injuries, at time his statement was taken which is claimed to be at variance with testimony given at trial, exclusion of testimony on redirect examination as to nature and extent of his injuries in greater detail *held,* not error under record presented, the witness not claiming inability to recall the circumstance by reason of pain and suffering.

2. AUTOMOBILES—EVIDENCE—HEARSAY—INTOXICATION.

In automobile-truck collision case, after objection had been raised on cross-examination of State police officer, called by plaintiff, as to conversation he had had with a passenger in car in which plaintiff's decedent was killed relative to intoxication of occupants of the car, permission to defendant's counsel to elicit further testimony of that character and on that subject, *held,* highly prejudicial, where one issue raised by defendant was that of intoxication of decedent's driver and that reckless driving occasioned thereby proximately caused the accident.

3. EVIDENCE—HEARSAY—IMPEACHMENT.

Hearsay statements not made in the presence of any party in interest nor given in impeachment of a witness are inadmissible.

4. WITNESSES—CROSS-EXAMINATION—ABUSE OF DISCRETION.

Record in automobile accident case *held,* to disclose no abuse of discretion in permitting defendant to cross-examine witness it called who was a passenger in car in which plaintiff's decedent was riding when killed.

5. SAME—HOSTILITY TO OPPOSING ATTORNEY.

Subject of claimed hostility of one of defendant's witnesses, a member of the State police, to one of plaintiff's attorneys *held,* inchoate and inadmissible.

6. Trial — Argument of Counsel — Right to Open and Close —
Waiver.

> Counsel for plaintiff have right to open and close argument
> to jury but, upon waiver of argument by defendant's at-
> torney, arguments were closed unless court, in its discre-
> tion, opened way for some omission of moment in opening
> argument.

7. Same—Argument of Counsel—Waiver.

> Record in automobile death case *held,* to disclose no abuse of
> trial court's discretionary power to reopen argument to
> jury to plaintiff's counsel where defendant's counsel waived
> his argument.

8. Appeal and Error—Additional Assignment of Error.

> Addition of assignment of error after oral argument is denied
> in absence of excuse for omission before submission of case
> to the Supreme Court.

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted April 22, 1936. (Docket No. 64, Calendar
No. 38,796.) Decided June 4, 1936. Rehearing de-
nied September 2, 1936.

Case by Myrtle Santure, administratrix of the
estate of Clyde Santure, deceased, against Detroit
Trust Company, receiver for Eastern Michigan
Trucking Company, a Michigan corporation, for
fatal personal injuries sustained in a collision be-
tween car in which decedent was riding and defend-
ant's truck. Verdict and judgment for defendant.
Plaintiff appeals. Reversed, with new trial.

*Guy W. Moore* and *Hal P. Wilson* (*Arthur E.
Steiner,* of counsel), for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

Wiest, J. About one o'clock, the morning of
August 20, 1933, on the Van Born road, about two

miles east of Ypsilanti, there was a collision between an automobile, in which Clyde Santure, plaintiff's decedent, was riding as a passenger, and a truck and he was killed. The automobile was going west and the truck east over the paved highway. Roy Merritt was driving the automobile and was also killed, and Clarence Daugherty and a Mexican, named Chevez, were also riding therein, returning from a barn dance.

This suit was brought in behalf of the estate of Clyde Santure against the receiver of the trucking company to recover damages on account of his death, alleged to have been caused by the negligence of the driver of the truck in being on the wrong side of the road. This was denied by defendant, and the countercharge made that the automobile was on the wrong side of the road and the driver and occupants thereof were intoxicated.

The issues were tried to a jury, with verdict and judgment for defendant.

Upon review by appeal counsel for plaintiff state 13 questions, based on 51 claimed errors, only five of which merit discussion and opinion.

"1. Should plaintiff's witness Chevez on redirect examination have been permitted to testify as to his condition and the extent of his disability at the time it was claimed that he gave a statement at variance with his testimony at the trial?"

Mr. Chevez received a broken leg and head injuries in the accident and was in a hospital at the time of the claimed statement, and plaintiff sought to show his physical condition at that time.

We do not understand that the witness claimed inability to recall the circumstance by reason of pain or suffering. It appeared that the witness had commenced suit on account of his injuries.

The court permitted the showing that the witness was in the hospital, suffering from injuries, and we think, upon this record, there was no error in excluding the nature and extent of his injuries in greater detail.

"2. Should witness Hornibrook have been permitted to testify as to a conversation had about 10 hours after the accident with a stranger, Clarence Daugherty, no one representing appellant being present?"

Clarence Daugherty was not a party to the suit but was one of the occupants of the automobile at the time of the accident. Mr. Hornibrook was a member of the State police, and he visited the scene of the accident and was called as a witness in behalf of plaintiff. On cross-examination he testified that he talked with Clarence Daugherty; that he said that—

"They had been drinking and that at the time I was there at the house why his sister was there and another lady came in while I was talking to him; he said that it was along the same line as Chevez had said about their drinking, that he had had—he drank moonshine and they had some beer, and his sister was there and the boy had been sick to his stomach and I advised her to take him to a doctor and get him to a hospital—possibly might be internal injury, and she gave me the—more or less implied he was just sick from drinking.

"*Mr. Wilson:* I ask that be stricken.

"*The Court:* Repeat that, will you, Mr. Silberblatt?

"(The last portion of the answer of the witness was repeated by the reporter.)

"*The Court:* He may state what he said to him.

"*A.* What did you say to him?

*"The Court:* In the presence of the boy. The other part may be stricken out.

*"A.* He said that he had been drinking, he had been drinking before. Clarence Daugherty told me that Roy Merritt and Chevez and he had gone to Ecorse after Clyde Santure. That on the way down Merritt had bought a quart of moonshine; and that they all had some drinks and at that time they picked up Clyde Santure; that they went to a saloon and had some beer, then they went to the barn dance on Van Born road near the Wayne county airport; that the quart was empty when they left the dance. He admitted that Merritt, the driver of the car, was drunk. That he was sleeping in the back seat just before the crash. And heard some one say, 'Look out for the truck,' and woke up and looked ahead and then went back to sleep again; the next thing that he remembered was some one taking the car out from—.*"

Counsel for defendant contend that the point was not saved by proper objection.

One issue raised by defendant was that of intoxication of the driver of the automobile and his companions, inclusive of plaintiff's decedent, and the reckless driving occasioned thereby was the proximate cause of the accident.

The court should have had the whole answer read and have struck it out as inadmissible, and not have permitted counsel to elicit the further testimony, as above set forth. The ruling permitted counsel for defendant to introduce hearsay as substantive evidence. The statements were hearsay and not in the presence of any party in interest. The motion to strike challenged the attention of the court to the matter and should have warned counsel of the inadmissibility thereof under elementary rules of evidence. It was not given in impeachment of Mr.

Daugherty because at that time he had not been a witness at the trial and was not subsequently called by plaintiff but by defendant. This error was highly prejudicial and commands reversal.

"3. Was it proper for the court to permit defendant to cross-examine its own witness, Clarence Daugherty?"

An examination of the record discloses no abuse of discretion in permitting the cross-examination.

"4. Was it proper to seek to question defendant's witness McGlone as to his hostility to one of plaintiff's attorneys?"

Mr. McGlone was a member of the State police. The claimed hostility was that the witness must have been aware that counsel for plaintiff intended to prefer charges to the State police commissioner. The subject was inchoate and inadmissible.

"5. Was it proper for the trial court to prevent the plaintiff's attorneys from fully arguing plaintiff's case to the jury?"

At the conclusion of the opening argument to the jury counsel for defendant waived argument. Thereupon associate counsel for plaintiff asked leave to make further argument, stating that all points had not been covered. This the court declined to permit and counsel for plaintiff claim prejudicial error.

Counsel for plaintiff had the right to open and close argument to the jury but, upon waiver of argument by the attorney for defendant, arguments were closed unless the court, in its discretion, opened way to further argument by reason of some omission of moment in the opening argument.

The rule on this subject is stated in *Barden* v. *Briscoe*, 36 Mich. 254, and this record discloses no error in refusing further argument.

Since the oral arguments and submission of this case plaintiff, by motion, asks leave to add another assignment of error, evidently suggested by the argument. We find no excuse for its omission before submission of the case in this court, and the motion is denied.

The other alleged errors relate to usual trial incidents and upon a retrial will probably not recur.

For the error pointed out the judgment is reversed and a new trial granted, with costs to plaintiff.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.