[Civ. No. 167. Second Appellate District.—December 27, 1906.]

SAN GABRIEL VALLEY BANK, Respondent, v. LAKE VIEW TOWN COMPANY, CYRUS F. McNUTT et al., Appellants.

FORECLOSURE OF MORTGAGE—MATURITY OF NOTE—SINGLE CONTRACT.— A mortgage and the note secured thereby constitute one contract; and whenever the note, for any reason, becomes due, the mortgage is incidental thereto, and a right of action for foreclosure is at once available.

ID.—APPEAL FROM JUDGMENT BY DEFAULT—SUFFICIENCY OF COMPLAINT —CONSTRUCTION IN FAVOR OF JUDGMENT.—Upon appeal from the judgment of foreclosure by default, the sole question is whether the complaint contains averments sufficient to support the judgment. In such case, every intendment is in favor of the judgment, and all doubts of construction must be resolved in support thereof. If the complaint can be construed favorably to upholding the judgment, such construction must be adopted.

ID.—CONSTRUCTION OF MORTGAGE—DEFAULT IN INTEREST—FORECLOSURE —SALE EN MASSE—APPLICATION OF PROCEEDS TO WHOLE DEBT.— Where a copy of the mortgage is attached to, and made part of, the complaint, it may be examined in ascertaining the contract of the parties; and where it provides that upon a foreclosure sale, the proceeds shall be applied not simply to the amount due, but also to the unpaid amount secured by the mortgage, and that

the mortgaged premises shall constitute one parcel, and shall be sold as such, it must be construed as intended, in case of foreclosure for default in interest, that the property shall be sold *en masse,* and the entire debt paid out of the proceeds.

ID.—MORTGAGE UPON WATER STOCK—APPURTENANCES TO LAND.—Where the mortgage also includes water stock described in the mortgage, as appurtenant to the land mortgaged, it may be sold with the land; and it is not to be treated as an invalid mortgage upon personal property.

ID.—APPEAL BY SUBSEQUENT CLAIMANT—ESTOPPEL.—Where the complaint alleges that the interest of an appealing claimant in the mortgaged property is subsequent to the mortgage, and he was offered an opportunity to set up any claim he had, he has had his day in court, and is estopped from contesting the validity of the decree of foreclosure.

APPEAL from a judgment of the Superior Court of Riverside County.   J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Cyrus F. McNutt, and Joseph E. Hannon, for Appellants.

Wright, Bell & Ward, for Respondent.

BORDWELL, J. (*pro tem.*)—Action commenced December 17, 1902, to foreclose mortgage on real estate and certain water rights represented by one thousand shares of the capital stock of the Lake View Water Company, appurtenant to the land.

The note, to secure the payment of which the mortgage was given, bears date April 10, 1901, due in five years; it contains the following provisions: "If default be made in the payment of interest for a period of thirty days, then the whole sum, principal, here promised, shall, at the option of the holder of this note, become immediately due, payable and collectible."

The mortgage contains certain incidental covenants with respect to taxes, cultivation, etc., and provides that if the mortgagor fails to perform them, the mortgagee may do so, and the expenses so incurred by the mortgagee, with interest, "shall be due and payable by the mortgagor to the mortgagee at the next interest due date thereafter, according to said note,

and be secured by this mortgage." It is provided by the mortgage that releases of portions of the property may be had upon making of certain stipulated payments, and there is also contained in the mortgage the following: "In case of default in making payments hereby secured, the mortgagee may cause this mortgage to be foreclosed and . . . the mortgaged premises, which shall, at that time, be subject to this mortgage, shall be treated as one parcel and not as separate or several parcels, and they shall be entitled to be sold as one parcel. . . . The proceeds of such foreclosure sale shall be applied to the payment of the costs . . . also to the then unpaid amount secured by this mortgage."

The plaintiff alleges, "That no part of the amount promised to be paid by said note has been paid, except that the interest on the principal sum has been paid to the tenth day of April, 1901." (The date of the note.)

By the prayer of the complaint the court is asked to "ascertain and by its decree determine the amount due plaintiff according to the terms of said promissory note and mortgage herein described," fix attorney's fee, direct sale of the property, etc.

Summons was regularly served on the defendants, who failed to plead, and, after default duly entered, judgment was rendered against them for the amount of said note, both principal and interest to date of judgment, and attorney's fee and costs.

The defendants have appealed from the judgment and contend:

(1) That because the mortgage contains no stipulation that upon default in payment of interest a foreclosure may be had for the principal amount of the note, no right exists in the plaintiff to prosecute a foreclosure for more than the unpaid interest. The point is not tenable. The note and mortgage constitute one contract; the latter is incidental and stands as security for the former, and whenever the note, for any reason, becomes due, a right of action of foreclosure is at once available.

(2) Appellants further contend that it does not appear that the plaintiff has exercised the option contained in the note to declare the principal thereof due for nonpayment of interest, and, therefore, the judgment should have directed sale for payment of interest only. This is a more difficult problem.

The sole question is whether the complaint contains averments sufficient to support the judgment. In such cases the rule is invariable that every intendment shall be indulged in favor of the judgment, and that all doubts of construction shall be resolved in support thereof. If the complaint can be construed favorably to the upholding of the judgment, such construction shall be adopted. A copy of the mortgage is attached to and made a part of the complaint and may be examined to ascertain the contract of the parties. It provides that upon a sale ordered by foreclosure decree, the proceeds shall be applied, not simply to the payment of the amount due, but also "to the then unpaid amount secured by this mortgage." This provision is not entirely in harmony with the idea conveyed by the note that the principal can become due and payable before the expiration of the five year term only in case of the exercise of the option. But ambiguity cannot at this stage of the case be considered; it can be taken advantage of only by demurrer. Furthermore, it is stipulated in the mortgage that in the event of a foreclosure sale, "the mortgaged premises, which shall, at that time, be subject to this mortgage, shall be treated as one parcel and not as . . . several parcels, and they shall be entitled to be sold as one parcel." If, upon any view of the complaint and the contract, it can be said that it was the intention of the parties that, in the event of foreclosure, the whole debt then owing should be paid, then the judgment of the trial court was warranted. And bearing in mind the rule of construction and presumed intendment above referred to, the judgment must be sustained; for the mortgage is subject to the construction that it was intended that in case of foreclosure, because of default in payment of interest, the property should be sold *en masse* and the entire debt paid out of the proceeds.

Appellant McNutt makes the point that the mortgage of the water stock is ineffectual as to him, arguing that it is personal property and not of the list subject to be mortgaged under the statute, and is not mortgaged with the formalities required by sections 2955-2972, Civil Code; and though it may be good as between the parties, it is not operative as against him without an averment of notice or knowledge on his part, which is not contained in the complaint. The point appears to us to

be without merit for two reasons: (a) The stock is declared by the mortgage to be a water right appurtenant to the land. Anything appurtenant to the land passes with it; (b) The complaint alleges that his interest in the mortgaged property is subsequent to the mortgage. He was offered an opportunity to set up any claim he had; he had his day in court, and upon well-settled principles is now estopped from contesting the validity of the decree. (*Hutchings* v. *Ebeler,* 46 Cal. 559.)

The judgment appealed from is affirmed.

Gray, P. J., and Allen, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 25, 1907.