[S. F. No. 5122. Department Two.—September 30, 1910.]

ERNESTINE KRELING et al., Respondents, v. VICTOR McMULLEN et al., Appellants.

APPEAL FROM DEFAULT JUDGMENT—PRESUMPTIONS SUPPORTING JUDGMENT.—On an appeal by the defendant from a default judgment the appellate court must indulge in all reasonable presumptions and intendments in favor of the judgment.

CHATTEL MORTGAGE AS SECURITY—PLEDGEE MAY FORECLOSE.—Where a promissory note and chattel mortgage are given as mere collateral security, the holder of the principal obligation has the right to foreclose the pledge without action upon the principal obligation.

ID.—PRESUMPTION THAT ACTION IS BROUGHT BY HOLDER OF PRINCIPAL OBLIGATION.—On an appeal by the mortgagor from a default judgment foreclosing such pledge, rendered in favor of an assignee of the note and mortgage, it will be presumed that the action was brought by the holder of the principal obligation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Joseph W. Patton, for Appellants.

De Laveaga & Magee, for Respondents.

MELVIN, J.—The complaint alleged the making of a promissory note to the firm of Smith & Stevens payable in monthly installments, that the note was secured by a chattel mortgage upon certain property consisting of furniture, carpets, pictures, and other household effects, that the firm of Smith & Stevens duly sold and assigned the said note with the said

mortgage to plaintiffs and that plaintiffs thereupon became and ever since have been the owners and holders thereof. A copy of the mortgage is attached to the complaint and made a part of it. A breach of the contract entitling plaintiffs to foreclose is alleged and the prayer is for foreclosure under the terms of the mortgage. The mortgagor Victor McMullen defaulted. She now appeals from the judgment, contending that the complaint establishes that the note and mortgage were given as collateral security for the performance of all the terms and conditions of a certain indenture of lease made between Smith & Stevens, lessors, and herself, lessee, that the pledgee cannot sell any evidence of debt of this kind so pledged to him and that his only recourse in law is to collect it when due (Civ. Code, sec. 3006), that the complaint here establishes an attempt upon the part of the pledgee to do this forbidden thing, that it also establishes the asserted fact that the note and mortgage were given in pledge as collateral security, that the plaintiffs were not the owners or holders of the principal obligation, and that, finally, these purchasers cannot be regarded as innocent, since the mortgage which they took for the promissory note upon its face discloses that it was given as collateral security for another independent principal obligation.

The propositions of law which appellant thus enunciates are unquestionably sound but they cannot avail her in view of the fact that this is an appeal from the judgment after default and that it is the duty of the court under such circumstances to indulge in all reasonable presumptions and intendments in favor of the judgment. The cases upon this are so numerous and so uniform that it should be sufficient to cite *Caruthers* v. *Hensley,* 90 Cal. 560, [27 Pac. 411], and *Cockrill* v. *Clyma,* 98 Cal. 123, [32 Pac. 888]. The action was in due form for the foreclosure of a chattel mortgage. If, as appellant contends, the promissory note and the chattel mortgage here in suit were but collateral security, nevertheless, it was the right of the holder of the principal obligation to foreclose the pledge and this he could do without action upon the principal obligation. (*Merced Bank* v. *Casaccia,* 103 Cal. 644, [37 Pac. 648]; *Fernandez* v. *Tormey,* 121 Cal. 520, [53 Pac. 1119]; *Farmers' Bank* v. *Copsey,* 134 Cal. 289, [66 Pac. 324].) Therefore this action could have been appropriately brought by the owner of the principal obligation in its present form,

and under the principle of law which will support such judgments by all reasonable intendments it will be presumed, if necessary, that it was brought by the holder of the principal obligation. Distinctly, while the complaint might have been subject to demurrer for uncertainty upon this proposition, it contains no allegation which negatives, and, therefore, forbids the indulgence in this presumption. In the state of the pleadings had defendant desired to show that plaintiffs were not the owners of the principal obligation she would have been compelled to do so as matter of defense by answer. This she did not do.

The judgment appealed from is therefore affirmed.

Lorigan, J., and Henshaw, J., concurred.