[Civ. No. 4178.  Second Appellate District, Division One.—July 25, 1923.]

## LOUIS N. RAHN et al., Appellants, v. J. Y. PETERSON et al., Respondents.

[1] DEFAULT — JUDGMENT—ORDER SETTING ASIDE—INADVERTENCE AND EXCUSABLE NEGLECT—EVIDENCE—DISCRETION.—On this appeal from an order vacating judgment and setting aside default entered against the defendants, the evidence was sufficient to sustain the implied finding of the trial court that the default was taken and the judgment rendered against the defendants through or by reason of inadvertence and consequent excusable neglect; and the defendants having presented sufficient grounds for relief under section 473 of the Code of Civil Procedure, the trial court did not commit an abuse of discretion in making the order from which the appeal was taken.

[2] ID.—TIME TO ANSWER—INVALID RULE OF COURT.—Under section 432 of the Code of Civil Procedure, the defendants are given ten

———

1. Equitable relief against judgment entered against party due to negligence or mistake of party, note, 10 Ann. Cas. 447.

Neglect of counsel as imputable to party, under statute providing for relief from judgment for mistake, inadvertence, surprise or excusable neglect, note, 27 L. R. A. (N. S.) 858.

·days after service of an amended complaint within which to answer the same, unless the court in the particular case orders that the defendants be allowed less time than ten days for that purpose, and there can be no valid rule of court contravening that provision of the statute.

[3] Id.—Relief Against Default — Discretion — Appeal.—A broad discretion is allowed to courts in granting relief against default, and it is only where that discretion has been abused that the appellate court will reverse the action of the lower court.

[4] Id.—Time to Answer—Waiver of Notice—Inadvertence and Excusable Neglect.—The acts of counsel for the defendants in waiving notice of the order of the trial court sustaining defendants' demurrer, granting plaintiffs ten days to amend, and giving the defendants five days to plead to the amended pleadings, without having heard the statement of the judge limiting the time to answer, and in failing to make specific inquiry on that point or to examine the minutes of the court, in good faith assuming that he would have the time provided by section 432 of the Code of Civil Procedure, as the result of which he failed to plead to the amended complaint within the time specified by the order of the trial court, constituted inadvertence and consequent excusable neglect within the meaning of section 473 of that code.

APPEAL from an order of the Superior Court of Los Angeles County vacating judgment and setting aside default. Chas. S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry M. Irwin and John C. Packard for Appellants.

Woodruff & Shoemaker for Respondents.

CONREY, P. J.—On January 16, 1922, at the close of the hearing on demurrer to the amended complaint, an order was made sustaining the demurrer and allowing the plaintiffs ten days to amend, and giving to the defendants five days to plead to amended pleadings or move to strike out. At the time of making the order the judge asked Mr. Shoemaker, one of defendants' attorneys, if notice thereof would be waived; to which Mr. Shoemaker replied in the affirmative. Accordingly, the clerk entered in the minutes relating to said order the words "Notice waived."

The second amended complaint was served on the twenty-first day of January and filed on the 23d. On January

30th, at 1 P. M., default of the defendants was ordered by plaintiff's attorneys and entered by the clerk. At 4 o'clock of that day defendants filed a demurrer to the second amended complaint, but after filing the same, the clerk discovered that the default had been entered and thereupon sent notice to the defendants' attorneys that on account of said default entered, the demurrer could not be placed upon the calendar for hearing. On January 31st the plaintiffs brought the case before the court and introduced evidence, whereupon judgment was rendered, signed and filed in favor of the plaintiffs. This judgment was entered on February 2, 1922. On the first day of February the defendants gave notice of application for relief from the default and for order setting aside default and judgment; the motion to be made upon affidavits served and filed with the notice and upon proposed answer of the defendants, likewise served and presented for filing and upon the files, minutes, and pleadings in the case. The affidavits included a sufficient affidavit of merits which was supported by the proposed answer which raises substantial issues of fact. At the hearing of the motion on February 3d counter-affidavits were filed on behalf of the plaintiffs. After hearing the motion the court made its order, from which this appeal is taken.

[1] Appellants contend that the evidence fails to sustain the implied finding that the default was taken and the judgment rendered against the defendants through or by reason of mistake, inadvertence, surprise, or excusable neglect of the defendants, and that the granting of the motion was an abuse of discretion; and that the defendants did not present any sufficient grounds for relief under section 473 of the Code of Civil Procedure, the section which governs the instant case.

The affidavit of Mr. Shoemaker states that the only order which he heard the court make in ruling upon the demurrer was that the demurrer be sustained, with ten days' leave to the plaintiffs to amend; that he did not hear the court make any order giving the defendants five days' time in which to plead to the amended complaint to be filed by the plaintiffs; that he did not know that the court made any order allowing defendants five days to plead to the amended pleading, and has not known at any time that such an order was made until the afternoon of January 31, 1922; that when the second

amended complaint was served he believed that defendants had ten days' time within which to plead thereto; that, accordingly, he caused his clerk to enter upon her office calendar the date January 30th as the last day in which to plead, thereby noting a date one day prior to the supposed last day.

Mr. Packard, who represented the plaintiffs at the hearing of the demurrer, stated in his affidavit that when the judge announced that the demurrer would be sustained, Mr. Packard stated that the plaintiffs were anxious to get the action at issue as soon as possible; that at that time and for a long time prior thereto it had been the rule and general practice of the superior court when making an order in that department sustaining a demurrer to a complaint to give the defendant five days in which to plead to the amended pleading to be filed by the plaintiffs; that so universal was this practice that the judge in said department used a rubber stamp in his note of the order upon his docket, which stamp contained words providing for said five days in which to plead to the amended pleading or to move to strike out.

That such rubber stamp was used, and that the general practice was as stated, seems to be an established fact. We do not understand that it is contended that there was any formal rule of court to that effect. [2] Section 432 of the Code of Civil Procedure provides that upon the filing of amendments to a complaint or an amended complaint, the defendant must answer thereto "within ten days after service thereof, or such other time as the court may direct, and judgment by default may be entered upon failure to answer, as in other cases." Manifestly, under the general rule thus established by the code, the defendant would have ten days in which to answer the amended complaint, after service thereof, unless the court in the particular case ordered that the defendant be allowed less time than ten days for that purpose. There could be no valid rule of court contravening this provision of the statute.

[3] It is conceded that a broad discretion is allowed to courts in granting relief against default, and that it is only where that discretion has been abused that the appellate court will reverse the action of the lower court. "Where a party in default makes seasonable application to be relieved therefrom, and files an affidavit of merits alleging a good defense, and the plaintiff files no counter-affidavit and makes

no showing that he has suffered any prejudice or that injustice will result from the trial of the case upon its merits, very slight evidence will be required to justify a court in setting aside the default.'' (*Berri* v. *Rogero*, 168 Cal. 736, 740 [145 Pac. 95, 97].) In the case at bar the plaintiffs by their affidavits have attempted to show that they will suffer prejudice and loss, by reason of the facts stated in certain of their affidavits. On this point their contention is that the proffered defense is not meritorious or made in good faith; that the property of the defendants is heavily mortgaged and they are in a bad financial condition; that one of the defendants has stated (prior to the commencement of this action) that he had arranged his affairs so that no one could collect any judgment against him, and that he then was execution proof.

The judgment in this case is a judgment for money alleged to be due from the defendants to the plaintiffs. We have examined the answer and we are satisfied that it indicates a defense made in good faith. The proposed answer is verified by the defendant Peterson, and it directly denies the existence of alleged facts essential to the cause of action of the plaintiff. [4] We have no doubt that the order should be affirmed unless it must be held that the facts alleged in the affidavit of Mr. Shoemaker are wholly insufficient to show that the failure of the defendants to plead to the second amended complaint resulted from ''mistake, inadvertence, surprise, or excusable neglect'' on the part of the attorneys for the defendants. But we think that those facts are legally sufficient, at least to establish that inadvertence and consequent excusable neglect contemplated by the provisions of section 473 of the Code of Civil Procedure, as a ground for such relief. It is true that Mr. Shoemaker, if he had been thoroughly careful at the time when he ''waived notice,'' without having heard a statement of the judge limiting his time to answer, would have examined the minutes or would have made specific inquiry on that point. But inadvertently, yet in good faith, he omitted that examination or inquiry and assumed that he would have the time provided by section 432 of the Code of Civil Procedure, without any limitation to a shorter time by order of court. At the very time when the default was taken he was preparing his demurrer to the second amended complaint, and actually

served and presented it for filing on the same afternoon when the default had been taken. There is nothing to indicate that the demurrer was not prepared in good faith for the purpose of presenting issues of law. It does not appear to have been filed for the purpose of causing delay. The court had reasonable ground for granting the motion to set aside the judgment and default.

The order is affirmed.

Houser, J., and Curtis, J., concurred.