[Civ. No. 4346. Fourth Dist. Feb. 19, 1952.]

KESTER MOTORS, INC. (a Corporation), Respondent, v. MARGARET HADDAD et al., Appellants.

T. R. Claflin and John M. Nairn for Appellants.

Johnston, Baker & Palmer for Respondent.

GRIFFIN, J.—A complaint in 13 separate causes of action was filed on January 15, 1951, by plaintiff corporation against defendants for money claimed to be due it. The first count is predicated upon a memorandum of agreement between the parties whereby Mrs. George A. Haddad agreed to pay plaintiff $100 per week, commencing November 4, 1950, until $9,754.33 had been paid. This amount was for cars purchased by her from plaintiff. A promissory note in the same amount and for like payments was executed in connection therewith. It was alleged that $800 was due thereon. The second cause of action was predicated upon an open account for automobiles delivered to defendants in the same sum and on which it is alleged $1,433.50 had been paid. A third count alleges the sale of these same cars at $9,754.33, and that $1,435.90 had been paid thereon. The fourth to the thirteenth counts, inclusive, alleged that defendants drew various checks on a named bank in various sums in favor of plaintiff; that the checks had been presented to the bank and returned "not sufficient funds" and that the total due thereon is $4,781.89. Summons was served on defendants the same day and defendants immediately filed a general demurrer thereto, which came on for hearing on January 22, 1951. It was overruled and defendants were given 15 days to answer. Notice thereof was duly served.

According to the affidavit filed by the attorney for plaintiff, it is alleged that about February 8, 1951, he called the office of counsel for defendants; that the secretary informed him that more time was needed to answer; that he told the secretary that if an answer was not filed within the next day or two he would take default, and told her to so inform counsel for defendants; that instead of filing the past due answer, counsel for defendants obtained from the court, without notice to plaintiff, an extension of time to answer until February 15th. No answer was filed within that time and on February 20th default was entered. Counsel for defendants moved to set aside this default, predicated upon the affidavit of the secretary, that through mistake and inadvertence she failed to note the date on the calendar as to the last day to answer and did not discover such error until February 20th; that an answer, containing only a general denial based on information and be-

lief, was offered for filing but was refused, due to the entry of the default. No affidavit of merits was filed with said motion. After a full hearing the motion was denied. Thereafter, a hearing was had, documentary evidence was produced in support of the causes of action and a judgment by default was rendered. After its entry, counsel for defendants moved to set aside the judgment and default entered, upon the same ground' and tendered a more voluminous answer in which he admitted due execution and delivery of the instruments sued upon, but denied the other allegations of the complaint and alleged certain claimed duplication of charges and overcharges in certain counts. In connection therewith he filed an affidavit of one of the defendants claiming that he consulted his attorney and was informed that he had a good defense to the causes of action upon the merits; that after service of summons on him he had some undisclosed negotiations with the president of the plaintiff corporation for a settlement of the action and that these negotiations continued until after the default was entered.

Opposed to this is the affidavit of counsel for plaintiff alleging that the demurrer filed herein was a sham or "wooden demurrer" filed for the purpose of delay only; that the first answer was also a "wooden answer" attempted to be filed for the same purpose; that counsel for defendants was fully informed, after his first default in answering, that plaintiff would allow no further time than one or two days; that he waited five days past the time given by the court before entering default; that it was not true that any settlement was being negotiated, nor that it was in prospect or ever had been in prospect between the parties; that defendant George Haddad did come to his office on January 15th and that he informed Haddad that he would not talk to him in the absence of his attorney, and that he told him that the only settlement he would make with him was for him to pay the amount claimed in full; that the only purpose of the application to set aside the default judgment and this appeal is an effort to delay the enforcement of the judgment.

After a full hearing the court denied all motions then pending. This appeal followed and defendants claim abuse of discretion on the part of the trial judge in denying such motions.

While it is the policy of the law that every case should be litigated upon its merits, and that because of this the reviewing courts will scan more closely orders denying relief

and are more prone to reverse orders of denial, it is the fundamental rule that an application to set aside a default or grant relief therefrom, rests so largely in the trial court's discretion that it will not be disturbed on appeal unless it shall be made clearly to appear that there was an abuse of discretion, and this general rule has not been relaxed by the rule that a discretion is better exercised when it tends to bring about a decision of the case on its merits. (*Ingrim* v. *Epperson,* 137 Cal. 370, 372 [70 P. 165]; *Anglo California Trust Co.* v. *Kelly,* 95 Cal.App. 390, 391 [272 P. 1080]; *Hughes* v. *Wright,* 64 Cal.App.2d 897, 903 [149 P.2d 392].)

In *Stub* v. *Harrison,* 35 Cal.App.2d 685 [96 P.2d 979], this court said that a motion to set aside a default judgment is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse in the exercise thereof, an appellate court will not disturb the order of the court below; and on appeal from an order granting such relief, all presumptions will be indulged in favor of the trial court's action and the burden in all cases is upon the appellant to make it appear that the court's discretion was abused in making the order. (See, also, *Weinberger* v. *Manning,* 50 Cal.App.2d 494 [123 P.2d 531].) ■■■ As to any conflict in the allegations of the affidavits, the court was the sole judge. (*Estate of McCarthy,* 23 Cal.App.2d 398, 401 [73 P.2d 914].)

In *Elms* v. *Elms,* 72 Cal.App.2d 508 [164 P.2d 936], it was stated that the only occasion for the application of Code of Civil Procedure, section 473, is where a party is unexpectedly placed in a situation to his injury without fault or negligence of his own, and against which ordinary prudence could not have guarded, and that in addition to showing excusable neglect, he must also show that upon a trial with his forces all present a different judgment would probably ensue.

Many of the cases cited by appellant, such as *Beard* v. *Beard,* 16 Cal.2d 645 [107 P.2d 385]; *Rahn* v. *Peterson,* 63 Cal.App. 199 [218 P. 464]; and *Waybright* v. *Anderson,* 200 Cal. 374 [253 P. 148], were decisions affirming an order setting aside a default judgment, holding that the trial court did not abuse its discretion. Under the disputed facts presented here, it might well be said that had the trial court granted the motions, this court would not hesitate in holding that it had not abused its discretion. However, that is not the question before us. The parties here had full opportunity to and did present their contradictory positions to the trial court after a complete hearing. We are convinced that the appellants failed to show

that the trial court abused its discretion in denying the motions. *(Placke* v. *Pinnell,* 9 Cal.2d 260, 261 [70 P.2d 618].)

In considering the appeal from the default judgment, there is no record before us except the clerk's transcript. The judgment shows on its face that competent proof was made which sustained the allegations of the complaint, which allegations are sufficient to support the judgment. There were no apparent duplications or overcharges allowed.

In *Kreling* v. *McMullen,* 158 Cal. 433, 434 [111 P. 252], the rule is stated to be that on an appeal from a judgment after default, it is the duty of the appellate court to indulge in all reasonable presumptions and intendments in favor of the judgment; and in *San Gabriel Valley Bank* v. *Lake View Town Co.,* 4 Cal.App. 630, 633 [89 P. 360], it is said that every intendment is indulged in favor of the judgment, and all doubts of construction must be resolved in support thereof. ██ If the complaint can be construed favorably to the upholding of the judgment, such construction shall be adopted.

██ Although it may be reviewed on appeal from the judgment, no appeal lies from an order denying an application to set aside a default before judgment is rendered. The attempted appeal therefrom should be and is dismissed. (Code Civ. Proc., § 963; *Higgins* v. *Mogan,* 78 Cal.App. 199 [248 P. 551].)

Order refusing to set aside default judgment and to vacate default affirmed. Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied March 12, 1952, and appellants' petition for a hearing by the Supreme Court was denied April 17, 1952.