Filed 5/6/22  White v. Ponce CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| GAIL WHITE, | |
| Plaintiff and Respondent, | E077097 |
| v. | (Super.Ct.No. PSC1907466) |
| DIANE PONCE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Kira Klatchko, Judge.  Dismissed.

Law Offices of Linda Scott and Linda Scott for Defendant and Appellant.

Gail White, in pro. per., for Plaintiff and Respondent.

1

## I. INTRODUCTION

On October 16, 2019, Gail White (plaintiff) filed a civil complaint against Diane Ponce (defendant) that alleged defendant breached an agreement to jointly invest in real property. A default was entered against defendant after she failed to file a responsive pleading. The trial court denied a motion to set aside the default on February 24, 2020, and a default judgment was entered against defendant on December 4.

On February 19, 2021, defendant filed a postjudgment motion seeking to set aside the default and the default judgment, purportedly pursuant to the provisions of Code of Civil Procedure[1] section 473. However, the trial court observed that there were "no substantive factual differences" between the motion and defendant's prior motion to set aside, construed the motion as a motion for reconsideration, and denied the motion under the principles governing motions for reconsideration. The trial court's order denying the postjudgment motion was entered on April 20, but served on April 28. On May 18, defendant filed a notice of appeal, purporting to appeal from the "default judgment" entered on April 28.

On appeal, defendant ignores the trial court's decision to construe her postjudgment motion as a motion for reconsideration, instead treating the entire appeal as if the trial court ruled on her motion pursuant to section 473. We conclude that the postjudgment order of the trial court was, in substance and effect, a nonappealable order denying reconsideration. We further conclude that the notice of appeal cannot be

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

construed to encompass an appeal from the judgment permitting review of the trial court's actual order denying defendant's motion to set aside the default under section 473. Accordingly, we are without jurisdiction to consider defendant's claim that the trial court erred in refusing to set aside the default or the default judgment, and we dismiss the appeal.

## II. FACTS AND PROCEDURAL HISTORY

On October 16, 2019, plaintiff filed a civil complaint for breach of contract, fraud, breach of fiduciary duty, conversion, and unjust enrichment arising out of an alleged agreement with defendant to jointly purchase a parcel of real property. Specifically, plaintiff alleged that she and defendant entered into an oral agreement to jointly purchase a parcel of real property in 2006, the parties subsequently carried out their respective obligations under this agreement, and defendant breached the agreement in 2019 by failing to acknowledge plaintiff's joint ownership in the property. Defendant was personally served on November 22, but failed to timely file a responsive pleading. As a result, a default was entered against defendant on December 24.

On January 7, 2020, defendant filed a motion to set aside the default pursuant to section 473, subdivision (b). The motion purported to request relief on the basis that (1) the default was void for lack of personal jurisdiction, and (2) the default was entered as a result of mistake, inadvertence, or excusable neglect. However, the only fact offered in support of defendant's request for relief was a vague statement by counsel that she believed she could resolve the matter prior to filing a responsive pleading, implying that

3

the default was the result of counsel.[2] Counsel's declaration did not actually describe who was responsible for failing to file a responsive pleading but stated: "I thought that I was going to be able to resolve the jurisdictional issues and asserted lack of personal jurisdiction over defendant." On February 24, 2020, the trial court denied the motion, finding that counsel's declaration did not support granting relief, regardless of whether it was considered under the discretionary or mandatory provisions of section 473, subdivision (b).

On February 28, 2020, defendant filed a motion for reconsideration. However, the hearing for the motion for reconsideration was vacated pursuant to an emergency general order as the result of the COVID-19 pandemic. While the emergency general order provided instructions for placing vacated motions back on the trial court's calendar, the record does not indicate defendant took any of the steps outlined in the emergency general order with respect to her motion for reconsideration.

On December 4, 2020, a default judgment was entered against defendant, and notice of entry of judgment was served on February 3, 2021.

---

[2] Despite arguing the default was void for lack of personal jurisdiction, defendant submitted a declaration that did not contest the fact she had been personally served with the complaint. Nor did defendant contend she resided out of state at the time plaintiff alleged the parties entered into an agreement or at the time plaintiff alleged defendant breached the agreement. Thus, the factual basis of defendant's challenge to personal jurisdiction is unclear. (*Kroopf v. Guffey* (1986) 183 Cal.App.3d 1351, 1358 ["[D]omicile at the time the cause of action arose, in addition to allegations that the action is based on the defendant's activities within the forum state, afford the state a constitutional basis for personal jurisdiction."].)

On February 19, 2021, defendant filed a postjudgment motion seeking to set aside the default and the default judgment, again under the provisions of section 473. Defendant argued that the default and the default judgment should be set aside for the same reasons already presented in the previous motion to set aside the default, but this time, defendant expressly argued that relief was mandatory due to the fault of counsel. However, in support of the motion, counsel submitted a declaration that attested to the same facts with respect to the failure to file a responsive pleading, stating: "[W]ith the belief that we would be able to resolve the dispute between [the parties], I failed to submit a responsive pleading by the 30th day after the asserted improper service and my belief that the court lacked personal jurisdiction over defendant. . . . [¶] I accept responsibility for this failure . . . ."

On April 20, 2021, the trial court considered defendant's postjudgment motion, determined the motion was, in substance, a motion for reconsideration of the trial court's prior denial of defendant's motion to set aside the default, and denied the postjudgment motion for failure to identify any new facts in support of the motion and for failure to request reconsideration within the time specified in section 1008.

On May 18, 2021, defendant filed a notice of appeal. The notice of appeal purports to appeal from a default judgment entered on April 28.

### III.  DISCUSSION

A.  *The April 20, 2021 Postjudgment Order Is Not Appealable*

As an initial matter, we are forced to resolve the nature of the order which is the subject of this appeal. Defendant's opening brief states that her appeal is from a

5

postjudgment order "served" on April 28, 2021, which appears to refer to the trial court's postjudgment order dated April 20.[3] However, the parties disagree with respect to the characterization of this order. Defendant characterizes the order as "[t]he trial court's order denying the motion to set aside the default judgment and default." In contrast, plaintiff contends this postjudgment order is a nonappealable order denying reconsideration pursuant to section 1008. For the reasons set forth below, we agree with plaintiff that the postjudgment order of April 20, is a nonappealable order denying a motion for reconsideration.

1. The Postjudgment Order Is, in Substance and Effect, an Order Denying Reconsideration

"[I]t is not the label but rather the substance and effect of a court's judgment or order which determines whether or not it is appealable." (*In re Marriage of Loya* (1987) 189 Cal.App.3d 1636, 1638; *Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5 [" ' "It is not the form of the decree but the substance and effect of the adjudication which is determinative." ' "]; *Joyce v. Black* (1990) 217 Cal.App.3d 318, 321 ["The substance and effect of the order, not its label or form, determines whether it is appealable . . . ." ]; *Orton v. Daigler* (1932) 120 Cal.App. 448, 450 ["The character of the document, whether it be an order or a judgment, may not be determined except by the substance and effect of its provisions."].) Thus, in determining the nature of the order

---

[3] The register of actions shows only one entry for April 28, 2021, which is the clerk's certificate of mailing for the trial court's order of April 20.

which is the subject of this appeal, we look to the substance and effect of the trial court's order and are not limited by the labels used by defendant.

Here, the trial court reviewed defendant's postjudgment motion and concluded that "[t]here are no substantive factual differences between this motion, the original motion to set aside, or the prior motion for reconsideration." Given this conclusion, the trial court construed defendant's postjudgment motion as a motion for reconsideration and denied the postjudgment motion under legal principles applicable to motions for reconsideration.[4] It did not reach the issue of whether defendant's showing would warrant setting aside the default or the default judgment under a properly submitted motion pursuant to section 473, subdivision (b).

The record amply supports the trial court's decision to construe and resolve defendant's motion as a motion for reconsideration. "The proposition that a trial court may construe a motion bearing one label as a different type of motion is one that has existed for many decades. . . . Neither the Legislature, nor the California Supreme Court, nor any Court of Appeal has ever challenged that notion. . . . The principle that a trial court may consider a motion regardless of the label placed on it by a party is consistent

---

[4] The trial court's decision to construe the motion as a motion for reconsideration was unequivocal and unambiguous. At the hearing on the motion, it directly addressed defense counsel and stated: "You are wanting to set aside the judgment, a valid judgment, based on a motion to quash that you never filed going back a year when you attempted to set aside a default which was denied. . . . You're back here. You have called it something else, but it really appears to be a motion for reconsideration of the orders from last February. . . . You waited until after the . . . judgment was entered, intentionally it sounds like, because you just thought that would be easier to get a second bite at the apple. . . . This is not really an attempt to set aside the judgment. It's an attempt to get a reconsideration of a prior motion."

with the court's inherent authority to manage and control its docket." (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193; *California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 43 (*California Correctional Peace Officers Assn.*) [" ' "The nature of a motion is determined by the nature of the relief sought, not by the label attached to it.  The law is not a mere game of words." ' "].)  Here, the trial court denied a motion to set aside the default on February 24, 2020.  Defendant's postjudgment motion sought identical relief,[5] relying on the same legal authority,[6] and the same underlying facts.[7]  Thus, the record does not suggest any error with respect to

---

[5]  While the postjudgment motion sought to set aside the default judgment as well as the underlying default, this is not a relevant distinction in this case.  Setting aside a default judgment without also setting aside the underlying default is an " ' "idle act." ' " (*Pulte Homes Corp. v. Williams Mechanical*, *Inc.* (2016) 2 Cal.App.5th 267, 273.)  Thus, the postjudgment motion necessarily also sought to set aside the underlying default—the same relief sought in the prior motion brought under section 473, subdivision (b).

[6]  While defendant's postjudgment motion explicitly referenced the provision for mandatory relief under section 473, subdivision (b), as an additional ground for setting aside the default, submitting an additional declaration of attorney fault in support of a subsequent motion to set aside a default does not exempt such a motion from the requirement that it comply with section 1008. (*Even Zohar Construction & Remodeling*, *Inc. v. Bellaire Townhouses*, *LLC* (2015) 61 Cal.4th 830, 840-841 [second motion to set aside default must comply with rules pertaining to motions for reconsideration, even if second request submits a new declaration attesting to attorney fault]; *California Correctional Peace Officers Assn.*, *supra*, 181 Cal.App.4th at p. 43 [changing legal theory or statutory basis in support of a request for the same relief does not exempt party from normal rules pertaining to reconsideration].)

[7]  With respect to setting aside the underlying default, the declarations in support of the postjudgment motion offered no new facts.  Both the original motion and postjudgment motion identified the same mistake, by the same individual, as a basis for relief, stating that defendant's attorney failed to file a responsive pleading because she believed she was going to informally resolve the issue with plaintiff.  The postjudgment motion added no new facts in support of the request to set aside the underlying default

*[footnote continued on next page]*

the trial court's decision to construe defendant's postjudgment motion as a motion for reconsideration.

Finally, to the extent defendant could have argued the trial court erred in construing and resolving her postjudgment motion as a motion for reconsideration, any such claim was abandoned by defendant's failure to address the issue in her appellate briefs. " ' "Issues not raised in an appellant's brief are deemed waived or abandoned" ' " on appeal. (*Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 554-555; see *Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 685 ["Courts will ordinarily treat the appellant's failure to raise an issue in his or her opening brief as a waiver of that challenge."].) Defendant's opening brief does not argue the trial court erred in concluding her postjudgment motion was, in substance and effect, a motion for reconsideration and does not argue the trial court erred in its application of the laws pertaining to motions for reconsideration.[8] Instead, plaintiff simply ignores the issue in its entirety, arguing as if the trial court had ruled on her postjudgment motion as a motion to set aside under section 473, subdivision (b). Having failed to raise the issue in her opening brief, defendant must be deemed to have abandoned any claim of error with

---

and, instead, simply included an additional statement by counsel, stating, "I accept responsibility for this failure."

    **8** Nor does it appear defendant could have successfully argued otherwise. Generally, "[o]nce the trial court has entered judgment, it is without power to grant reconsideration [, and] [t]he fact that a motion for reconsideration may have been pending when judgment was entered does not restore this power to the trial court." (*APRI Ins. Co. S.A. v. Superior Court* (1999) 76 Cal.App.4th 176, 182.)

respect to the trial court's decision to construe and determine her postjudgment motion as a motion for reconsideration.

In light of this record, the postjudgment order of April 20, 2021, is, in substance and effect, an order denying reconsideration.

2. <u>An Order Denying Reconsideration Is Not Appealable</u>

"The majority of courts addressing the issue have concluded an order denying a motion for reconsideration is not appealable, even when based on new facts or law. [Citations.]  'These courts have concluded that orders denying reconsideration are not appealable because "Section 904.1 of the Code of Civil Procedure does not authorize appeals from such orders, and to hold otherwise would permit, in effect, two appeals for every appealable decision and promote the manipulation of the time allowed for an appeal." ' " (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576-1577; see *Morton v. Wagner* (2007) 156 Cal.App.4th 963, 968-969.)  Given our conclusion that the postjudgment order at issue in this case constitutes an order denying reconsideration, we must also conclude that the order cannot be reviewed on direct appeal because an order denying reconsideration is nonappealable.

B. *Defendant's Appeal Cannot Be Construed To Encompass Review of Matters Beyond the Postjudgment Order*

We acknowledge that defendant's notice of appeal in this case is ambiguous, purporting to appeal from the default judgment dated April 28, 2021.  Thus, we also consider whether the notice of appeal can be construed as an appeal from the default judgment, which would permit review of the trial court's actual order denying her

10

original motion to set aside the default.[9]  Generally, "we must liberally construe a notice of appeal in favor of its sufficiency," and "[a] notice of appeal shall be ' "liberally construed so as to protect the right of appeal if it is *reasonably clear* what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced." ' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.)  Thus, because defendant expressly referenced the default judgment in her notice of appeal, a liberal construction of the notice would suggest defendant was also trying to appeal from the default judgment.  However, as we explain, defendant's notice of appeal in this case cannot be construed as an appeal from the judgment.

An appeal must be taken 60 days after service of notice of entry of judgment or 180 days after judgment, whichever occurs earlier.  (Cal. Rules of Court, rule 8.104(a)(1).)  "The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Servs. v. Customized Worldwide Weather Ins. Agency* (1997) 15 Cal.4th 51, 56.)  In this case, notice of entry of judgment was served on February 3, 2021. Thus, by the time defendant filed her notice of appeal on May 18, the time to appeal from the judgment had already expired.

Normally, the filing of a motion to set aside the judgment extends the time within which to appeal from that same judgment.  (*In re Marriage of Eben-King & King* (2000)

---

[9]  Generally, the trial court's denial of a motion to set aside a default may be reviewed on appeal from the judgment.  (*Kester Motors*, *Inc. v. Haddad* (1952) 109 Cal.App.2d 369, 373.)

80 Cal.App.4th 92, 108 [motion to set aside pursuant to section 473 constitutes a motion to vacate within the meaning of court rule extending time to appeal].)  However, the extension of time expressly applies only when a party files a "valid" motion to vacate the judgment.  (Rules of Court, Rule 8.104 (a)(1).)[10]  In this case, the trial court determined that defendant's postjudgment motion was not a valid motion to set aside the judgment but rather a motion for reconsideration that should have been brought pursuant to section 1008.  Further, as we have already pointed out, defendant has not argued the trial court erred with respect to this determination.

Unlike a valid motion to set aside under section 473, a motion for reconsideration does not operate to extend the time to appeal from a judgment.  (*Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1607-1608 ["[A] motion for reconsideration filed after judgment was entered will not extend the time to appeal from the judgment."]; *Ramon v. Aero. Corp.* (1996) 50 Cal.App.4th 1233, 1236 [same].)  Thus, defendant's notice of appeal in this case cannot be construed to encompass an appeal from the default judgment, as any such appeal would have been untimely.

C.  *The Appeal Must Be Dismissed*

" 'An appealable judgment or order is essential to appellate jurisdiction, and the court, on its own motion, must dismiss an appeal from a nonappealable order.' " (*Daugherty v. City and County of San Francisco* (2018) 24 Cal.App.5th 928, 942; *Olson*

---

[10] To hold otherwise would permit a party to extend the time to appeal simply by filing any document styled as a motion to vacate or motion to set aside the judgment, regardless of the substance of the motion, thereby permitting a party to circumvent or manipulate the time limitations for filing an appeal.

*v. Cory* (1983) 35 Cal.3d 390, 398 [court is "dutybound" to consider the question of appellate jurisdiction on its own motion]; *Olmstead v. West* (1960) 177 Cal.App.2d 652, 654-655 ["[I]t is the duty of an appellate court on its own motion to dismiss an appeal from a judgment which is not appealable."].)

Because defendant's notice of appeal cannot be construed to include an appeal from the default judgment, the scope of any appeal is limited to the postjudgment order. However, because the postjudgment order in this case is, in substance and effect, an order denying reconsideration, it constitutes a nonappealable order.  In the absence of an appealable judgment or order, this court is without jurisdiction to consider defendant's claims of error, and the appeal must be dismissed.

## IV.  DISPOSITION

The appeal is dismissed.  Plaintiff is to recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:


RAMIREZ
P. J.


McKINSTER
J.

13